STOPPELFELDT VS. THE MILWAUKEE, MANITOWOC AND GREEN BAY RAILROAD COMPANY.

*New trial. Excusable neglect.*

One member of a law firm, who had had the sole management of a cause on defendant's part, after being informed, in New York city (where he had been necessarily detained by business), that the cause was to be tried during the last week of the term, started promptly for the place of trial, but was prevented from reaching it in season, by a disarrangement of the trains; and his partner (who was not familiar with the facts and evidence), after objecting to a hearing of the case, on the ground that the term was legally at an end, took no part in the trial; and a verdict was found against the defendant. *Held*, that this was a case of "excusable neglect," within the meaning of the statute; and an order refusing a new trial is reversed.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an appeal from the appraisal by commissioners, of damages for certain lands of the present respondent, taken for

the defendant company's road. Notice of the appeal was served on Mr. Cotzhausen, as attorney for the company, but the records of the court show that it appeared and defended by Mann & Cotzhausen, as its attorneys. The appeal was noticed for trial at the January term of the court, 1871, and was called up on the 24th day of February. Mr. Cotzhausen was then absent in New York, but Mr. Mann, his law partner, being present, objected to the trial on the ground that the term had legally ceased on the 16th day of January, by reason of the non-appearance of the judge on that day, pursuant to a previous adjournment; which being overruled, he withdrew and declined to take any part in the trial. In his absence the trial proceeded, and a jury of ten jurors being impanneled and accepted by the appellant, assessed his damages at more than twice the sum allowed by the commissioners. Mr. Mann then came in, and moved for a new trial on the minutes, which being denied, he procured a stay of proceedings until the next term.

At the May term of the court, the defendants, upon an order to show cause, renewed their application for a new trial. The affidavits in support of the motion showed that the railroad company had a good defense on the merits; that Mr. Cotzhausen was the attorney for the company, and had the exclusive management and control of the case, and was the only person and officer of the corporation fully informed as to the precise questions involved in the case; that, during the January term of the court he had been unexpectedly called to New York on business of great importance, and unavoidably detained there longer than he expected and that, on being informed by his law partner that the court was about to adjourn " *sine die*," and the appellants' attorney would not consent to further postpone the hearing, he had immediately taken the cars for Milwaukee, but was unable to reach there in time for the trial, by reason of delays on the way through failure of trains to connect.

Judgments were taken in five other appeals at the same time,

and under the same circumstances, and the same motions were made therein.

The court denied the application, and the defendants appeal from the order. By stipulation, the other cases, abide the decision of this appeal.

*F. W. Cotzhausen*, for appellants, contended that the affidavits read in support of the application, being entirely uncontradicted, established a case of excusable neglect, and the court committed a gross abuse of discretion in denying the relief asked for, citing *People v. Freer*, 1 Caines R., 394; *Thompson v. Payne*, 3 id., 88; *Olney v. Bacon*, id., 132; *Wilson v. Guthrie*, id., 134; *Gardinier v. Crocker*, id., 139; *Bennet v. Fuller*, 4 Johns., 486; *Wilmarth v. Gatfield*, 1 How. Pr., 50; *Leighton v. Wood*, 17 Abb. Pr., 177; *Johnson v. Eldred*, 13 Wis., 482; *Butler v. Mitchell*, 15 id., 355; 17 id., 52; *Town of Omro v. Ward*, 19 Wis., 232.   2. The verdicts ought to be set aside on account of the great disparity between them and the awards of the commissioners; and also because the court had no power or authority to submit the cases to the decision of only ten jurors, a jury not having been waived. *Norval v. Rice*, 2 Wis., 22; *May v. M. & M. R. R. Co.*, 3 id., 219.

*Johnson & Reitbrock*, for respondents, contended that this was not a case of excusable neglect, but one of a deliberate refusal to try the case; that Judge Mann was one of the attorneys of record, and capable of trying it, if he had chosen to; and he should have either done so, or moved for a continuance; that the irregularity, if any, in the matter of the jury is not brought up by this appeal, and it does not exist as to the other five cases; and that the verdicts are not excessive, but are quite as likely to be raised as to be reduced upon new trials.

COLE, J.   We are inclined to hold that the default of the company to appear and defend was excused, and that the court should have granted the application for a new trial.   The case should be regarded as though Mr. Cotzhausen were the sole at-

torney of the company. It is true that Messrs. Mann & Cotz-hausen were attorneys of record, and that Judge Mann was present when the case was called for trial, and, after objecting that the court could not try the case because the term had legally closed, declined to take any further part in the trial. It appears that the cause had been under the exclusive manage-ment and control of Mr. Cotzhausen, the attorney of the com-pany, and that Judge Mann was not familiar with the facts. The case involved an assessment of damages for taking the plaintiff's land for the use of the company, and, doubtless, Judge Mann might have examined the witnesses produced, and argued any question of law which might arise, without any previous knowledge of the case. But he might not have known what witnesses were to be called upon the part of the company, and, therefore, might not have been able to present its case fully to the court or jury. Mr. Cotzhausen was prevented, by unavoidable delays on the trains from New York to Milwau-kee, from being present. When informed in New York that the cause would be taken up the latter part of the week, he immediately started home, expecting to reach Milwaukee in time for the trial, but the trains failed to connect. It seems to us that this shows a case of excusable neglect, within the spirit and meaning of section 38, chap. 125, R. S. Of course the court can, on granting a new trial, impose such terms as to costs as may seem just in view of the trouble and expense the plaintiff had incurred. But we think, under the circumstances, a new trial should have been granted. *Johnson v. Eldred,* 13 Wis., 482; *Butler v. Mitchell,* 15 id., 355.

*By the Court.*—The order refusing a new trial is reversed, and the cause is remanded to the county court for further proceed-ings according to law.