THE COUNTY OF BUENA VISTA v. THE I. F. & S. C. R. Co.

1. **Judgment: ATTORNEY: MISTAKE OF.** Relief will be granted, when a judgment has been rendered because of a failure to make defense through the mistake of the attorney respecting the time of the term at which the judgment was rendered, when the mistake arose not from neglect, but misinformation.

2. ———: **NEW TRIAL: PLEADING.** The fact that the petition, in addition to asking that plaintiff's title be quieted, prays other equitable relief in regard to the land, will not take the case out of the provisions of chapter 2, title 20 of the Code, in relation to the granting of new trials in actions to quiet title.

*Appeal from Buena Vista District Court.*

FRIDAY, DECEMBER 6.

THIS is a proceeding to obtain a new trial in an action in chancery in which a decree was rendered against defendant granting the relief prayed for in plaintiff's petition. A demurrer to defendant's petition was sustained, and from this decision it appeals. The facts of the case appear in the opinion.

*I. N. Kidder* and *G. S. Robinson,* for appellant.

*Galusha Parsons,* for appellee.

BECK, J.—I.    The history of the case prior to the filing of the petition for a new trial is shown in that pleading, and may be briefly stated as follows:

The plaintiff, the county of Buena Vista, on the 2d day of October, 1876, filed its petition in chancery, alleging that it is

1. JUDGMENT: attorney: mistake of. the owner in fee simple of a large quantity of lands situated within its borders, which are particularly described according to the government subdivisions. It claims title thereto under the swamp land grant, averring that each separate tract is wet and swampy, and the

VOL. XLIX—42

title thereof vested in plaintiff under the several acts of Congress and the Legislature of the State relating to such lands. It shows that the lands were patented to the State as lands granted to aid in the construction of a railroad, and were by the State patented to defendant as such. The relief asked is that the patents under which defendant claims title may be declared to be void and be set aside, and that plaintiff's title to said lands may be quieted; and that defendant may be required to account for all lands sold by it to *bona fide* purchasers, and declared to be a trustee of plaintiff for the moneys and securities received upon such sales, and a judgment for the amount thereof be rendered against defendant.

On the 10th day of November, 1876, defendant filed its answer, setting up its title to the lands under the acts of Congress and of the Legislature of the State, and patents issued thereunder. It denies plaintiff's claim and title to the lands, and avers its own title to be valid in law. It also shows that the plaintiff has levied and collected taxes from the defend-ant for these lands for four years prior to the commencement of the action. Such taxes amount to a large sum, and plaintiff has not repaid or offered to repay the same to defendant. Other matters set out in the petition and answer need not be here recited. The cause was continued at the term in which the answer was filed.

At the June Term, 1877, a decree was rendered confirming the title of all the lands, amounting to several thousand acres, in plaintiff, and rendering a judgment in its favor against defendant on account of lands sold by it for nineteen thousand nine hundred and ten dollars and seventy-seven cents. The decree was rendered on the 6th day of June.

On the 17th day of July following the defendant filed a petition for a new trial, which recites the pleadings, proceedings and decree rendered in the action, and, with an amendment, shows that the decree was rendered upon a trial at which defendant was not rep.esented by counsel, and no evidence in its behalf was offered to the court. This petition,

which was duly verified, and affidavits accompanying it, show that defendant has a good defense to the action; that but a small part of the lands in controversy are wet and swampy, which has been determined by an actual survey made since the commencement of the action; that defendant was unable to prepare the case for trial at the term when the judgment was rendered, it being impossible to complete a survey and sufficient examination of the lands before that time; that it was the purpose of its counsel to appear and obtain a continuance of the case; that one attorney who lives in the county was employed and did assist in the management of the case at the first term, but that he understood his retainer extended no further, and that he was not employed to appear when the judgment was rendered; that another attorney, who had principal charge of the case, lived in Boone county, in another judicial district, and made preparation to attend the term of court at which judgment was rendered; that on account of a change in times of holding courts in the district he was ignorant of the day when the court would convene, but made inquiries of lawyers residing in the district, and was informed the term began on the 14th day of June, and had reason to believe and did believe this information was correct; that the term actually began on the 4th day of June, of which he was not informed until after the adjournment of the court, and that all the officers of defendant reside at Cedar Rapids, and none of them knew of the time of holding the court, and all relied upon the attorney last mentioned to manage the case.

II. It cannot be claimed that defendant's officers or agents, other than the two attorneys, are chargeable with negligence; and we think, from the showing made, that these attorneys were not so negligent that relief cannot be rendered to the defendant by allowing a new trial. One of the attorneys swears positively that he did not understand his retainer extended further than appearance at the first term, and that he did not regard himself as engaged in the case. It is true that the

other attorney had a different understanding of the retainer. The law exacts of attorneys diligence in their business, and will not relieve against negligence on their part. But it regards attorneys as mere men, who, with the best intentions, may be mistaken in the most important affairs. They are not required to be diligent and careful beyond the capacities of human nature. If an honest, diligent attorney misunderstands the extent of his employment he ought not to be regarded as negligent when acting in good faith upon his belief as to his duty.

The case of the principal attorney is equally free of negligence. The terms of court are fixed by the judges, not by the statute. He shows that he applied to attorneys of the district for information as to the commencement of the term, and was misled by incorrect information. Surely he was justified in seeking information from the source he chose, and in relying upon it when obtained. He might have sought a higher source by applying to the clerk or the judge, but no one would suppose that the lawyers of a district are not correctly informed as to the times of the convening of the courts. We conclude that these attorneys were not so wanting in diligence that relief will not be granted their client against the consequences flowing from their mistakes. Cases involving questions of the character of the one before us rest upon their peculiar facts. The rules that relief will not be granted when a judgment is rendered because of the neglect of the party or his attorneys, and that a new trial will be granted when the party has been prevented, without negligence on his part, from making a defense, cannot be well illustrated by decisions. The following cases have some bearing upon the point under consideration: *Montgomery County v. American Emigrant Co.*, 47 Iowa, 91; *Stoppelfeldt v. M., M. & G. B. R. Co.*, 29 Wis., 688; *McKinly v. Tuttle*, 34 Cal., 235.

III. Chapter 2, title 20 of the Code provides for actions for the recovery of real property, and for actions to determine and quiet titles of lands. Section 3273 provides that "an

action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession." The following section prescribes that the petition shall be under oath, and that averments shall be made therein as to the plaintiff's title and defendant's claim to the property, and that the relief claimed shall be that defendant be barred "from having or claiming any right or title to the premises adverse to the plaintiff." It also prescribes the contents of the notice to be served upon defendant. The next section relates to costs. Section 3276 is in these words: "In all other respects the action contemplated in the three preceding sections shall be conducted as *other actions by equitable proceedings*, with the modifications prescribed by this chapter, so far as the same may be applicable." The proceeding here contemplated is an action in chancery, and is not different from other actions in the same forum, except as to the modifications prescribed by the chapter. We will inquire whether the proceeding before us may be considered within these provisions. The petition in this case is verified; it sets up plaintiff's title, and avers that defendant makes claim to the property. It asks that defendant be enjoined and prohibited from asserting title to the lands, but also asks other relief, or that the patents under which defendant holds be declared void, or that defendant be declared to hold the title in trust for plaintiff, and be required to convey the lands to plaintiff, and that defendant be required to account to plaintiff for all lands sold before the commencement of this suit, and judgment be rendered against it for the moneys it has received upon such sales. Here is a prayer for a decree quieting the title of the lands, and, in effect, for such other relief as equity, upon the facts of the case, will grant. Now, does this additional prayer for relief, which was granted in the decree of the court, take the case out of the contemplation of the sections we have cited above? We think not. These sections contemplate a chancery action. In such action full relief will always be given, and may always be prayed

for, in addition to the special relief claimed. The sections under consideration cannot be understood to limit the powers of chancery. If the powers of chancery are not abridged by the sections, of course the pleading invoking those powers will not be affected by them.

The first section of the chapter (3245) provides that "actions for the recovery of real property shall be by ordinary proceedings, and there shall be no joinder and no counter-claim therein, except of like proceedings and as provided by this chapter." It must be that the joinder of actions referred to relates to the cause of action, and not to the relief asked or granted. The language cannot, therefore, be understood as forbidding the petition in chancery actions to claim full relief, if a decree quieting title will not give such relief. But this section, as well as all others preceding section 3268, relating to the pleadings, is applicable to actions by ordinary proceedings (actions at law) for the recovery of real estate, and not to actions in chancery to quiet titles. We conclude, therefore, that the prayer for general and alternative relief found in the petition does not take the case out of the operation of the sections above cited relating to actions for quieting titles. We think the proceeding instituted by plaintiff is within the contemplation of the last four sections of the chapter under consideration.

Section 3268 provides that in cases contemplated by the chapter new trials may be granted in the exercise of the discretion of the court, upon applications made within one year of the first trial, without showing grounds therefor required in other cases. The application in this case was within the time limited by this section. The discretion to be exercised by the court is a legal discretion, and the subject of review by this court. If we should find that in the abuse of such discretion a new trial was refused, we would reverse such decision. If it be made to appear that a full hearing was denied a party, or a trial was had in the absence of himself and of his attorney, and his case was not fairly presented in the court, all without

fault or negligence on his part, whereby injustice may have been done, equity would demand a new trial, and it would be an abuse of discretion to deny it. In the case before us it is shown that defendant's attorney did not fail to appear at the trial through negligence, and that defendant has a good defense to the action, as shown by his petition and affidavits. We, therefore, conclude that the court below erred in sustaining the demurrer to the petition for a new trial.

IV. The petition for the new trial was assailed in the court below upon the demurrer, which was sustained, by thirty-five objections. All of them except the first go to the very merits of the case, and are based on the thought that, upon the showing made, the defendant is not entitled to the relief prayed for. These objections need not be separately considered. The first objection is based upon the grounds that the petition is not properly entitled, and that it does not set out the relief asked nor the lands claimed. These objections are not well founded upon the facts. No other objections to the form of the proceeding were raised.

Another ground of objection is, that a demurrer, as is shown in the petition, to one of defendant's grounds of defense was sustained in the court below and the decision affirmed in this court. Of course this proceeding cannot open any question adjudicated. But the point decided by the demurrer did not constitute defendant's whole defense. Other matters pleaded, namely, that the lands are not in fact wet and swampy, constitute, if established, a sufficient defense.

In our opinion the demurrer of plaintiff to defendant's petition was erroneously sustained. The judgment of the District Court is reversed, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.