JAMES ENNIS, JR., Appellant, v. THE FOURTH STREET BUILDING ASSOCIATION OF CLINTON, IOWA.

**New Trial:** UNAVOIDABLE CASUALTY. A first mortgagee was made defendant in an action to foreclose a second mortgage, and employed an attorney, who filed an answer in such case and agreed to appear and defend. Five days before suit was tried the attorney absconded without the knowledge of his client, and the case was tried without any evidence being offered, resulting in judgment foreclosing the mortgage and making the first mortgage subject thereto. *Held,* unavoidable casualty and misfortune, within Code section 3154, entitling the mortgagee to have the decree set aside.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, Judge.

FRIDAY, MAY 28, 1897.

ON the first day of April, 1895, plaintiff filed his petition to set aside the decree rendered October 30, 1894, and for a new trial on the ground of unavoidable casualty and misfortune. Defendant demurred to the petition, which demurrer was sustained, and, the plaintiff failing to further plead, judgment was rendered against him, from which he appeals.—*Reversed.*

*Hayes & Schuyler* and *T. W. Hall* for appellant.

*Walsh Bros.* for appellee.

GIVEN, J.—I. The petition shows that this defendant, as plaintiff, commenced an action at the September term, 1894, against Margaret and James Ennis, to foreclose a mortgage executed by them to this defendant on certain lots in the city of Clinton; that at that time this plaintiff had a valuable subsisting mortgage on said lots for two thousand dollars, executed and delivered to him by said Margaret and James Ennis, on the twentieth day of April, 1891, which was duly recorded on the tenth day of July, 1891; that on the twenty-fifth day of August, 1894, he was made a party to said action, as having some interest in or lien upon said lots which was alleged to be junior and inferior to the mortgage of this defendant; that, upon being served with notice, this plaintiff employed one Richard F. Price, a practicing attorney at law and a resident of Clinton, to prepare and attend to his defense in that case; that said attorney prepared an answer, setting up plaintiff's mortgage, and denying that defendant's mortgage was superior thereto, which answer was filed on the fifth day of September, 1894, and to which no reply was ever filed; that said attorney agreed to appear and defend said action, to keep this plaintiff advised of all proceedings therein, and to notify him when he would be needed for the purposes of the trial or any proceeding therein, and that plaintiff fully relied upon said Price as his attorney, and upon said arrangements; that about the twenty-fifth day of October, 1894, said Price, unknown to the plaintiff, absconded, and his whereabouts have not since been known; that on the thirtieth day of October, 1894, in the absence of this plaintiff and of his said attorney, without the plaintiff's knowledge, and without any evidence being offered as to which of said mortgages was prior, and without the attention of the court being called to that issue, decree was entered foreclosing this defendant's mortgage, and making

plaintiff's mortgage subject thereto; that execution was issued on said decree; and that plaintiff did not know of the absence of said Price nor of the rendering of said decree until after the execution was issued. Plaintiff alleges that he has a good defense to said action, and that he was prevented from making it "by unavoidable casualty and misfortune, as herein fully set forth." He asks that said judgment may be set aside, and for a new trial in the case as to him. There are some allegations of irregularity in rendering said decree, but not such as to require attention. The grounds of the demurrer are that the petition does not show reasonable diligence, that it shows negligence on the part of plaintiff and his attorney, and does not state facts sufficient to entitle plaintiff to the relief demanded.

II. Under section 3154 of the Code a new trial may be granted "for unavoidable casualty or misfortune preventing the party from prosecuting or defending." Casualty is defined as "inevitable accident; event not to be foreseen or guarded against." Misfortune is defined as "any instance of adverse fortune; an unlucky accident; a calamity, mishap; mischance." See Standard Dict. If the matters alleged in this petition are true, this plaintiff has not only pleaded but can maintain his defense against the right of the plaintiff in that action to priority under its mortgage. He was prevented from maintaining that defense at the trial, not because of any negligence on his part, but because, unknown to him, his attorney had absconded, and had failed to notify him or to appear in the case. Plaintiff in employing and relying on Price had done just what men usually do under such circumstances. He had done all that was necessary for him to do for the purpose of making his defense. The fault was Price's, and while it is true that a new trial will not be granted because of the negligence of the attorney, yet where that negligence may not be imputed to the party, and where it amounts to an

unavoidable casualty or misfortune that has prevented the party from defending or prosecuting, a new trial should be granted. The absconding of Price, and his failure to notify the plaintiff and to attend to the case, was an event that plaintiff had no reason to anticipate or to guard against. It was a mishap,—a mischance,—that he had no reason to expect. We recognize the discretion that is given to trial courts in granting or refusing new trials, and the rule that this court is slow to interfere with the exercise of that discretion. These rules apply with greater force to cases where an actual trial has been had than to cases like this. We think the petition shows that plaintiff was prevented from making the defense which he had pleaded to that action because of unavoidable casualty and misfortune, and that, if the facts alleged are sustained, he is entitled to the relief demanded.

Other matters are discussed that do not appear in the petition, and which are therefore not entitled to consideration. Our conclusion is that the court erred in sustaining the demurrer, and the judgment is therefore REVERSED.