M. M. PETERSON v. DETLEFF H. KOCH, Appellant.

**New Trial:** UNAVOIDABLE CASUALTY: *Negligence of attorney.* Where a contestant of a will, who resided at a considerable distance from the county seat, and who was unfamiliar with legal proceedings, employed an attorney to take charge of the matter for him, and paid him a retainer, the failure of the attorney to appear when the case was called for trial, or inform the contestant of the time of trial, is an unavoidable casualty, within Code, section 4091, entitling him to a new trial after the rendition of a judgment by default, as the negligence of his attorney cannot be imputed to him.

*Appeal from Jackson District Court.*—HON. A. J. HOUSE, Judge.

FRIDAY, DECEMBER 15, 1899.

ACTION to set aside an order admitting an instrument to probate as the last will and testament of J. F. Koch. Upon hearing had on the issues joined, judgment was rendered vacating said order, and from this judgment the defendant appeals.— *Affirmed.*

D. A. *Wynkoop* and J. *Hilsinger* for appellant.

L. A. *Ellis* and W. C. *Gregory* for appellee.

GIVEN, J.—I. The facts necessary to be noticed are as follows: At the June term, 1894, the defendant, a brother

of J. F. Koch, deceased, presented what purported to be the last will and testament of said deceased to said court for probate. The plaintiff and her sister, Caroline M. Eskelsen, grandchildren of the deceased, and children and heirs at law of his daughter, Catherine Lange, deceased, employed two attorneys practicing in said court to appear for them, and resist the probating of said will. Said attorneys appeared, and on June 4, 1894, filed exceptions to the probating of said instrument on the ground of mental incapacity of the said J. F. Koch, deceased, to make said will. At the November term, 1894, to-wit, November 9th, the case was reached in its order for trial, and tried, no one appearing for said contestants, and an order entered admitting said instrument to probate as the last will and testament of said J. F. Koch, deceased. On January 4, 1895, this plaintiff filed her petition to set aside said order on the grounds of mental incapacity, fraud, duress, and undue influence, and on January 8, 1896, she filed an amended and substituted petition, further alleging that by mistake, accident, and unavoidable casualty neither plaintiff nor her attorneys were present when said case was called for hearing and heard, and asking that said order be set aside, and that she be heard upon her exceptions to the probating of said will. The defendant answered, joining issue on the allegations of incapacity, fraud, duress, and undue influence, and upon the allegations of mistake, accident, and unavoidable casualty. The record shows as follows: "This case is tried only so far as the right of the plaintiff to have the order or judgment of the court admitting the will in question to probate vacated or set aside. All questions as to competency to make the will or the validity of the will in question remain untried." Upon the hearing had on February 17, 1898, judgment was rendered setting aside and vacating said order admitting said will to probate, and it is from this judgment that the defendant appeals.

II. Section 4091 of the Code provides that the district court in which a final judgment or order has been rendered "may after the term at which the same was rendered or made, vacate or modify the same or grant a new trial for unavoidable casualty or misfortune preventing the party from prosecuting or defending." The facts relied upon by the plaintiff as showing unavoidable casualty and misfortune preventing her from defending against the probating of said will are, in substance, these: She and her sister, being the grandchildren and next of kin of the testator, and entitled in law, in the absence of a will, to inherit from said testator, employed attorneys, as already stated, to resist the probating of said will, and paid them a retainer fee of one hundred dollars. Being unfamiliar with proceedings in court, and the times of the terms of court, and residing distant from the county seat, the plaintiff and her sister, as they had a right to do, relied upon said attorneys to·represent them at all times in the case, and to inform them of the time at which it would be called for trial. So far as appears, said attorneys did nothing more in the case than to file the exceptions on behalf of the contestants to the probating of the will. Though at the time practicing in that court, they did not appear at the trial, nor inform their clients of the time of the trial, or that they would not appear and defend. Many cases are cited to the effect that negligence of one's attorney is not a ground for new trial. An examination of the cases cited shows that negligence, whether of the party or of counsel, is not a ground for new trial, and that the client is only·held chargeable with the negligence of his attorney when that negligence may. be imputed to him; or, in other words, when, by the exercise of care on his part, he would have avoided the consequences of the negligence of his attorney. In *State v. Elgin,* 11 Iowa, 216, cited by appellant, it is said that: "The forgetfulness and carelessness of counsel are the substance of the excuse for the failure of the defendant to plead. We do

not regard the showing as sufficient to justify us in interfering with the ruling of the court; more especially do we feel disposed not to reverse the judgment for this reason, as we do not think that the affidavits showed that the defendant had any defense to the plaintiff's right to recover." In *Jones v. Leech,* 46 Iowa, 186, cited and relied upon by appellant, the ground for new trial was that the attorney had negligently and fraudulently failed to take testimony, and appear and defend at the trial. This negligence might fairly be imputed to the client, as, by the exercise of diligence, he would have known of the failure to take testimony and prepare for defense. It is said: "The law regards the negligence of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Abstractly speaking, this is correct, but if the negligence of the attorney is not such as may be imputed to the client, and is such as to cause unavoidable casualty or misfortune preventing the client from prosecuting or defending, it is ground for new trial." In *Grove v. Bush,* 86 Iowa, 95, the ground for new trial was the failure of plaintiff's attorney to appear in the case at the proper time because of a misapprehension as to when the case would be called, and his engagements elsewhere. It is said: "Parties are required to be diligent in the preparation of their case for trial," and it was held under the facts of that case "that he has failed to show sufficient diligence to entitle him to a new trial." The conclusion is based, somewhat, at least upon the fact that there was a failure upon the part of the plaintiff to exercise diligence. In *Church v. Lacey,* 102 Iowa, 235, the failure to appear and defend resulted solely from the neglect of one of the counsel, through forgetfulness, to inform his partner of their employment, and as to the status of the case. It was held that this neglect was not, under our statute, ground for granting the relief asked. In *Ordway v. Suchard,* 31 Iowa, 481, it was held that the accidental misplacement of the petition and notice by the attorneys, whereby the party was prevented

from defending, was an accident, for which a new trial should be granted. So far as the question under consideration is concerned, this case is identical in its facts with that of *Ennis v. Association,* 102 Iowa, 520, except that in that case the attorney had absconded before the trial. In employing and paying counsel as they did, these contestants had done all that could be expected of them with a view to the making of their defense. They had a right to rely upon their attorneys to inform them as to the time of the trial, or as to anything that might be required of them for the purpose of defense; therefore it cannot be said that they were negligent in failing to defend. They had no reason to anticipate the failure of their attorneys to attend to the case, and therefore the negligence of the attorneys cannot be imputed to them. It has been said as we have seen, that mere negligence of the party or his attorney is not ground for new trial under our statute, but the question is whether, where the failure to defend is attributable to the negligence or bad faith of the attorney, unavoidable casualty or misfortune has arisen as to the party, preventing him from prosecuting or defending. We think the facts of this case bring it within the rule announced in *Ennis v. Association, supra,* that the failure of plaintiff's counsel to appear and defend being a failure which plaintiff had no reason to anticipate or to provide against, was an unavoidable casualty and misfortune that entitles her to have the order probating the will set aside, and to be heard upon her exceptions. — AFFIRMED.

GRANGER, J., not sitting.