MRS. E. A. NEWLOVE, Appellee, v. ALMOR STERN, Appellant.

**JUDGMENT:** Setting Aside—Informal Procedure. In a proceeding to set aside a judgment rendered at a former term of court, it is quite immaterial that the ''petition,'' which is sufficient in form and substance, is denominated an ''application,'' and equally immaterial that no notice was issued, when the opposing party appears and, without objection, enters upon the hearing.

**JUDGMENT:** Setting Aside—Diligence of Attorney.  An order setting
2  aside a judgment and granting a new trial because of ''unavoidable
casualty'' which prevented a prosecution of the action will not
necessarily be interfered with because it is made to appear that
the attorney for the applicant was not as vigilant in watching the
assignment of causes for trial as he might have been.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

DECEMBER 11, 1923.

APPEAL by defendant from an order setting aside a judg-
ment entered against the plaintiff on a counterclaim, and grant-
ing a new trial of the cause.—*Affirmed.*

*Roadifer & Roadifer* and *Bolter & Murray,* for appellant.

*V. H. Byers* and *E. M. Miller,* for appellee.

FAVILLE, J.—On July 6, 1919, a collision between two auto-
mobiles occurred on the public highway.  Appellee was riding
in one, and appellant owned the other.  Appellee brought suit
against appellant, to recover damages for injuries caused by
said collision.  Her original petition was filed February 27, 1920.
This was in time for the succeeding March term of the district-
court of Harrison County.  On March 6, 1920, appellant filed
an answer and counterclaim in said cause.  Nothing further ap-
pears to have taken place in regard to said matter until on or
about July 8, 1920, when appellee filed a reply to said counter-
claim.

It is the contention of appellee, and there was evidence
tending to show, that, at or about the time of the filing of the
said reply, the attorney for appellee wrote to the clerk of the
district court of Harrison County and requested that he be noti-
fied of the assignment of said cause at the September term.  At
or about the same time, the attorney for appellee also wrote
the attorneys of record for appellant, who resided at Logan,
the county seat of Harrison County, calling attention to the
filing of the reply, and asking said attorneys to have the cause
assigned for trial at the September term, and that he be notified
by them of such assignment.  Appellee's attorney resided at

Harlan, the county seat of Shelby County, which adjoins Harrison County. No reply was received by appellee's attorney from either the clerk or the attorneys for appellant. Shortly before the convening of the September term of court in Harrison County, appellee's attorney had a conversation with Judge Rockafellow, who was to preside at the September term in Harrison County, and called his attention to the fact that he was the attorney for appellee in said action, and would like to have the case assigned for trial at the September term, and requested Judge Rockafellow to notify him of the date of said trial, which Judge Rockafellow promised to do. Said judge also informed the attorney for appellee that it was his practice, whenever an attorney was not a resident of the county where court was held, and had no local representative, to have such attorney notified of the assignment of causes. Appellee's attorney did not attend the September term of court in Harrison County. The cause was assigned for trial on September 14th. The attorney for appellee received no notice of such assignment. At the time the cause was reached for trial, the attorneys for appellant were present. There is evidence in the record tending to show that the court made inquiry as to whether the attorney for appellee had been notified of the assignment, and that at the time it was stated by some person in the court room, whose identity does not appear to be disclosed in the record, that it was understood that appellee's attorney had dropped the case. Thereupon judgment was entered, dismissing appellee's petition, and rendering judgment against appellee on appellant's counterclaim.

It further appears that, during the September term, a neighbor of appellee's was asked by a member of appellee's family to inquire at the courthouse at Logan in regard to the assignment of said cause, and it appears that the party did make such inquiry of the clerk, and was informed that the case was on the docket, but that it would not be reached for trial at that term. This information was communicated to appellee.

Prior to the next succeeding term of the district court of Harrison County, which was held in November, appellee's attorney wrote to the judge who would hold that term, asking to have said cause assigned for trial at said term, and then first learned from said judge of the judgment that had been entered

in the cause. Two days thereafter, this proceeding was commenced, to set aside and vacate the judgment so entered, and to secure a new trial of said cause. The matter was submitted at the November term, 1921, and order entered vacating and setting aside said original judgment, and granting a new trial of said cause upon the merits. It is from this order that this appeal is prosecuted.

I. It is first contended that appellee did not comply with the statutory requirements in regard to making application to vacate the judgment.

It appears from the record that the application was not made at the term at which the judgment was entered, and not until after the first day of the next succeeding term. The point is made by appellant that, under Sections 4094 and 4095 of the Code, the action was not properly commenced.

1. Judgment: setting aside: informal procedure.

Section 4095 provides that, in a proceeding of this character, "the party shall be brought into court in the same way, on the same notice as to time, mode of service, and return, and the pleadings, issues, and form and manner of trial shall be governed by the same rules and conducted in the same manner, as nearly as may be, and with the same right of appeal, as in ordinary actions."

Section 4094 provides that the application in a case of this kind "shall be by verified petition." In this instance, the application was filed in the original action.

No notice appears to have been served, but appellant appeared and joined issue on the application, and proceeded to a hearing and a determination of the matter. In such a situation, we think that the court had jurisdiction both of the subject-matter and the person of the defendant, and was clothed with authority to hear and determine the issues so presented.

In *Johnson, Lane & Co. v. Nash-Wright Co.*, 121 Iowa 173, we held that:

"The proceeding provided for is evidently a proceeding in the original action; although, if instituted after the term, it is to be by petition, and not by motion."

The pleading was denominated an "application," instead of a petition, but in substance it contained all the allegations

essential to a petition, and complied fully with the requirements of the statute. *Wallace v. Wallace,* 141 Iowa 306; *Council Bluffs L. & T. Co. v. Jennings,* 81 Iowa 470.

II.   It is · contended by appellant that appellee failed to establish any such "unavoidable casualty or misfortune preventing her from prosecuting her cause or defending against the

2. JUDGMENT: setting aside: diligence of attorney.

counterclaim as entitles her to have the judgment vacated and set aside and a new trial granted."

We have set out the substance of the testimony in regard to this matter. It is the established rule of this court that, in actions of this kind, the granting of a new trial on the ground of casualty or misfortune is largely a matter of discretion with the trial court, and that its order will not be disturbed on appeal, in the absence of a showing of an abuse of such discretion. This is especially true where the trial court has granted a new trial. *Farmers Exchange Bank v. Trester,* 145 Iowa 665; *Callanan v. Aetna Nat. Bank,* 84 Iowa 8; *Willett v. Millman,* 61 Iowa 123; *McNulty v. Everett & More,* 17 Iowa 581; *Browning v. Gosnell,* 91 Iowa 448.

Following this well recognized rule, we are of the opinion that the trial court did not abuse the large discretion vested in it in such a case, in setting aside the judgment and granting a new trial of the case. It appears that appellee and her attorney were acting in good faith, and were honestly desirous of trying the case at the September term. While the attorney might well have exercised greater diligence, ·especially by the easy use of the convenient telephone, the failure so to do, under all of the facts and circumstances disclosed in the record, was not, alone, such negligence as, upon the record, and under the facts and circumstances, should deprive appellee of a trial of the case upon the merits. We do not feel warranted, upon the record, in interfering with the large discretion vested in a trial court in cases of this kind. As bearing upon the question herein discussed, see *County of Buena Vista v. I. F. & S. C. R. Co.,* 49 Iowa 657; *Jean v. Hennessy,* 74 Iowa 348; *Ellis v. Butler,* 78 Iowa 632; *Ennis v. Fourth St. Bldg. Assn.,* 102 Iowa 520; *Peterson v. Koch,* 110 Iowa 19; *Barto v. Sioux City Elec. Co.,* 119

Iowa 179; *Logan v. Southall,* 137 Iowa 372; *Farmers Exchange Bank v. Trester,* supra.

III.   It is urged by appellant that appellee failed to show that she had a meritorious case.

It is essential that appellee make a prima-facie showing of a meritorious cause of action.  Appellee's claim is for injury resulting from a collision between a car in which appellee was riding, and which was being driven by her husband, and a car belonging to appellant, in which he and his family were riding at the time.  Appellant's car was being driven by his son.  The collision occurred near the intersection of two public highways in the country, one running north and south, and the other east and west.  The latter road terminated at the point of intersection.  The car in which appellee was riding was moving southward.  The car in which appellant was riding approached the intersection from the east.  The exact point of the collision is in dispute.  It appears that appellee's car was moving upgrade, and that appellant's car was moving down a gradual slope.  There was a considerable bank at the point of the intersection.  The two cars collided very near the corner.

In view of a possible trial of the case on its merits, it would be quite improper for us to enter into a lengthy discussion of the evidence, or to comment thereon.  The showing of merits for the purpose of this proceeding was, we think, sufficient to justify the trial court in setting aside the judgment and ordering a trial of the cause.

We reach the conclusion that the judgment and order appealed from should be, and the same is, affirmed.

The appellant's motion to strike appellee's amendment to the abstract, which was ordered submitted with the case, is overruled.—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.