DELIAH FERRIS, Appellee, v. GEORGE WULF, Appellant.

No. 41931.

JUNE 20, 1933.

Jepson, Struble & Sifford, for appellant.

E. J. Fribourg, for appellee.

ALBERT, J.—Shortly after the accident, a claim for damages was taken up on behalf of the plaintiff by E. J. Fribourg, and the defendant's interest was taken charge of by the firm of Hays, Baron & Matthews. Negotiations looking to a settlement of this claim were carried on between these attorneys until December, 1931, when the firm of Hays, Baron & Matthews informed Fribourg that they no longer represented the defendant; whereupon action was commenced in the Woodbury district court and original notice was served on December 31, 1931, for the January, 1932, term of said court. At said term, Naglestad, Pizey & Johnson appeared for the defendant, and on January 21, 1932, the plaintiff filed an amended and substituted petition.

On March 7, 1932, the cause was assigned for hearing on March 14th following. The case was not tried when reached in the assignment because the defendant was attending the funeral of a

sister at Arcadia, Iowa. The defendant, however, filed an answer in the case on March 23, 1932. In the interim Naglestad was injured in an automobile accident; he being a member of the firm who had charge of the case. The case was reached for trial on the morning of April 26th. On the afternoon of April 25th, the bailiff in Judge Newby's court called the Naglestad office and informed them that the case would be on trial the next morning. Naglestad had not recovered from his injuries received in the accident, and in a conference between the members of the firm it was determined they would withdraw from appearance in the case. Whereupon Naglestad telephoned to the wife of the defendant, and she advised him that her husband was working and would not be home until about 1 o'clock in the morning. (Defendant was employed in the switching crew of the Chicago, Milwaukee & St. Paul Railway at Riverside in Sioux City.) He told her the case would come on for trial at 9 o'clock in the morning and to inform her husband that he should come to the Naglestad office early the next morning. Naglestad thereupon advised the court, through its bailiff, of the condition, and that his firm was withdrawing its appearance in the case. The defendant appeared the next morning at the Naglestad office, and was informed that on account of the injuries that Naglestad had received—of which the defendant knew nothing until he appeared at the office—the firm was withdrawing from the case and he should employ another attorney to look after it; also advised him that the court was then ready to proceed with the trial. The defendant proceeded to the office of Jepson, Struble & Sifford and laid the facts before C. N. Jepson, a member of that firm, and, after a brief outline of the situation, Jepson agreed to try the case, whereupon he called the court bailiff and Fribourg, plaintiff's attorney, and was advised that default had been entered about 10 o'clock on April 26th. Upon being advised of the situation, on the next day a motion and affidavits were filed by the defendant to set aside the default.

On June 23, 1932, the court overruled the motion to set aside the default, and on July 9th following judgment was entered against the defendant for $355, with interest, and it is from the ruling of the court in overruling the motion to set aside the default that this defendant appeals.

The question here involved is one that has been before this court many times, and our reports contain numerous opinions on this question under various different sets of facts. We have an-

nounced some rules which have a bearing on the question before us, and from a review of the cases it is apparent that the fact situation largely controls these opinions. The controlling point in the various cases seems to turn and be controlled by the fact situation as to whether the party against whom the default is entered is at fault or negligent in taking care of his case, as is pointed out in Hueston v. Preferred Accident Ins. Co., 161 Iowa 521, 143 N. W. 566, and many other cases. We also said in the case of Lawler v. Roman Catholic Mutual Protective Society, 198 Iowa 233, 197 N. W. 633, that, while the ruling on a motion of this kind is discretionary with the trial court, the record will be more carefully scanned when reviewing the same when the application to set aside the default is refused than when it is granted. The fundamental rule is that each case should be tried on its merits. First National Bank of Newton v. Federal Reserve Bank of Chicago, 210 Iowa 521, 231 N. W. 453, 69 A. L. R. 1329.

We held in Ennis v. Fourth Street Bldg. Assn., 102 Iowa 520, 71 N. W. 426, and Peterson v. Koch, 110 Iowa 19, 81 N. W. 160, 80 Am. St. Rep. 261, that the unexpected withdrawal of an attorney in a case, without notifying his client in time to employ other counsel before default is entered, amounts to sufficient casualty and misfortune to warrant the granting of a new trial.

It is apparent, therefore, in this case that the defendant's attorneys, on the afternoon of April 25th, decided to withdraw their appearance in the case, and did what they could to advise their client of such action on their part; that on the morning of the day on which the trial was set, the client was advised of what they had done, and he, on receiving said advice, promptly sought another attorney, who, after laying the fact situation in relation to the action before him, accepted employment to defend the case, and on calling the courtroom was advised that default had already been entered against the client. He promptly, on the next day, made application to set aside the default. Under these circumstances, we feel that the client was not at fault or negligent, but acted promptly on being advised of the withdrawal of his attorneys from the case, and the court should have sustained this motion to set aside the default. For a full review of our cases on this question see First National Bank of Newton v. Federal Reserve Bank of Chicago, supra.

We appreciate, of course, the fact that district judges in the conduct of their business must do all things necessary to expedite

the work before them, and this should be taken into consideration in ruling on a question of this kind, but, having reached the conclusion we have—that the defendant was not at fault or negligent in the matter—we think the court erred in not sustaining the motion to set aside the default.—Reversed.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.