PHILLIP OLDIS et ux., appellees, v. JOHN DEERE WATERLOO TRACTOR WORKS, INC., and JOHN DEERE CO., appellants; IOWA PUBLIC SERVICE COMPANY, defendant (not appealing).

No. 52326.

1112

DECEMBER 13, 1966.

 █ 

Shuttleworth & Ingersoll, of Cedar Rapids, for appellants.

Jack C. White and John T. Nolan, both of Iowa City, for appellees.

LARSON, J.—This is an interlocutory appeal to determine whether the district court erred in setting aside the sustaining of a special appearance filed by John Deere Waterloo Tractor Works, Inc. and John Deere Co., named defendants in an action seeking damages as a result of an accident to plaintiff Phillip Oldis while working on appellants' premises. Although there is another defendant in this action, we shall herein designate the above named as the defendants.

There are several questions raised in this appeal, but the vital issue presented is whether sufficient grounds appear in the record to sustain the trial court's action in vacating and setting aside its own order of December 7, 1965, sustaining defendants' special appearance. We think so.

 I. Some general rules of procedure should be first considered. A petition to vacate a judgment under rules 252 and 253 is not triable de novo on appeal. Windus v. Great Plains Gas, 255 Iowa 587, 593, 122 N.W.2d 901, and citations. If there is conflict in the record, or if different inferences may reasonably be drawn from the facts, the trial court's findings have the effect of a jury verdict. Svoboda v. Svoboda, 245 Iowa

111, 122, 60 N.W.2d 859, 865, 866. It is also well settled that in passing upon such a petition the trial court has considerable discretion, and we have said we will not reverse unless an abuse is shown. Svoboda v. Svoboda, supra, and citations; Windus v. Great Plains Gas, supra. Of course this discretion is not final or conclusive; it must have some support in the record. Nevertheless, we have said we will be more reluctant to find an abuse of discretion where the judgment has been set aside than where relief has been denied. Ferris v. Wulf, 216 Iowa 289, 291, 249 N.W. 156, 157. This court has consistently adhered to the policy of disposing of controversies on their merits, and not on fine procedural or technical distinctions. First National Bank of Newton v. Federal Reserve Bank of Chicago, 210 Iowa 521, 527, 231 N.W. 453, 69 A. L. R. 1329; Ferris v. Wulf, supra. True, some of these cases predicated the holding on a showing of "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty" now found in rule 236 as a basis for setting aside a default, and we decided in Windus v. Great Plains Gas that there was a wide difference between those requirements and the ones found in rule 252, yet no general rule could be laid down which would govern all cases involving motions to set aside defaults or vacate judgments. Each case must be determined on its own facts. Svoboda v. Svoboda, supra; Tate v. Delli, 222 Iowa 635, 640, 269 N.W. 871, 873.

Rule 252, R. C. P., provides: "Upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

(a) Mistake, neglect or omission of the clerk;

(b) Irregularity or fraud practiced in obtaining the same; * * *

(e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending; * * *."

"Unavoidable casualty" is defined in Black's Law Dictionary, Fourth Ed., at page 1693, as "An event or accident which human prudence, foresight, and sagacity cannot prevent, happening against will and without negligence. [Citations] Within the meaning of statutes in several states relating to the

vacation of judgments, means some casualty or misfortune *growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor, would have been done,* and does not include mistakes or errors of judgment growing out of misconstruction or understanding of the law, or the failure of parties or counsel through mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune." (Emphasis supplied.)

Thus, the nub of this controversy seems to be whether under this record the plaintiffs' attorneys were guilty of carelessness or inattention to duty and whether this was so clear as to compel a rejection of their petition under rule 252.

II. From the record we learn that, pursuant to an injury incurred on defendants' premises October 10, 1963, plaintiffs brought an action for damages against these defendants and the Iowa Public Service Company on September 8, 1965, and served notice on these defendants on the 9th of September, 1965, by delivering a true copy of said notice, with petition attached, to Harley Waldon, who was designated the "general manager of said defendant company."

On September 28, 1965, defendants filed a special appearance, and later a supplemental special appearance with affidavit on October 7, 1965, in which it was alleged that "neither of said purported defendants exists." On October 28, 1965, defendants filed a request for oral argument on its special appearance, and only one of plaintiffs' attorneys received a copy thereof.

On December 7, 1965, a regular motion day in the district, the court apparently overlooked the request for oral argument and sustained the special appearance. Upon receipt of notice of that ruling plaintiffs' counsel prepared and presented to the court a motion to set aside and vacate it. The court forthwith on December 15, 1965, granted that motion and entered an ex parte order setting aside its December 7th ruling.

It appears appellants' counsel did not receive notice of this December 15th order from the clerk, but learned of it through plaintiffs' counsel on or about March 3, 1966, when inquiry was made as to a time of hearing on the pending special appearance.

Appellants' motion, denominated as "Additional Supplemental Special Appearance * * *," followed, in which they asked that the December 15, 1965, order be expunged from the record, be declared null and void, and the ruling of December 7, 1965, be reinstated. Hearing thereon was held March 18, 1966, and arguments on the merits of the original and supplemental special appearances were presented to the court.

Subsequent thereto and prior to any court ruling thereon, on March 25, 1966, plaintiffs filed a petition pursuant to rule 252, R. C. P., in which they asked the court to vacate its order of December 7, 1965, sustaining defendants' special appearance. As grounds therefor it alleged that due to the "mistake, neglect or omission of the clerk," one of their Iowa City counsel did not receive a copy of defendants' special appearance, supplemental special appearance, affidavits or request for oral argument filed prior to the December 7th order; that through an irregularity in the usual practice the court entered a ruling on the special appearance without first permitting an oral argument as was requested by defendants in writing, a practice relied upon by plaintiffs' counsel who had received a notice of that request; that by virtue of unavoidable casualty the court's ruling on defendants' special appearance was filed before plaintiffs could present their prepared oral argument and brief in resistance thereto, and that they were prepared to submit written briefs and present oral arguments to the court at anytime fixed in response to defendants' request.

The petition further alleged that, had the clerk properly delivered to defendants' counsel a copy of plaintiffs' motion to set aside the December 7th ruling which was filed December 15, 1965, and a resistance had been timely filed, plaintiffs could have asked for the correction of the December 7th order during that term under rules 236 or 244, R. C. P., and that since the clerk's neglect was not discovered until the next term, further "unavoidable casualty" occurred.

In response, appellants again attacked appellees' petition by way of special appearance asserting the nonexistence of the named parties as corporations or legal entities. On the 19th of April, 1966, a hearing on plaintiffs' petition under rules 252 and

253 was held. On May 12, 1966, the court upheld appellants' contention that its December 15, 1965, order was ex parte and void, and vacated that order. However, it also sustained plaintiffs' request for relief from the December 7, 1965, order, and set aside and vacated the original order sustaining defendants' special appearance. Defendants appeal.

III. Plaintiffs apparently concede, for the purpose of this appeal, that the court's order of December 7, 1965, was a final judgment, and that its order of December 15, 1965, was a nullity.

In all proceedings to set aside rulings by the trial court such as default judgments (rule 236), motions for new trial (rule 244), and vacation or modification of judgments (rule 252), the burden to show good cause is placed upon the movant. Edgar v. Armored Carrier Corp., 256 Iowa 700, 704, 128 N.W. 2d 922, and citations; Windus v. Great Plains Gas, supra; rule 253, R. C. P.

Thus, in the instant case appellees had the burden to set forth and establish facts which, together with all favorable inferences to be drawn therefrom, would support and justify the court's action in vacating its order and judgment of December 7, 1965, which of course was far more than a preliminary motion. In sustaining appellants' special appearance, the cause as to them was terminated except for the right of appeal and a timely petition under rules 252 and 253.

IV. There is no contention made that appellees' petition under rule 252 was not timely filed, so the sole issue before us is whether the showing made to the trial court was sufficient to sustain its discretion in vacating the December 7th order.

Appellants contend the grounds set forth in appellees' petition were irrelevant or insufficient to excuse them from responsibility for the court's action on a regular motion day in Black Hawk County, that things done or not done after the December 7th order would not tend to show the neglect or unavoidable casualty required to justify setting aside the judgment procured on that date, and that what they did or failed to do would not support a finding of "unavoidable casualty."

Appellees contend the "neglect" of the clerk to send copies

of all motions and applications to the adverse parties, both prior to and after the December 7th order, caused them to be confused and misled as to the status of the case and did not alert them to the necessity of prompt action. They contend there was irregularity in the entry of that order, for they believed when there was an application before the court for oral argument on a matter of this importance pursuant to rule 117, R. C. P., the court would not rule one way or the other without setting a time for and conducting a hearing thereon, that their reliance upon that practice and the copy of the defendants' application was justified, and that those circumstances warranted a conclusion of "unavoidable casualty" under rule 252, R. C. P.

It is true, we said in Windus v. Great Plains Gas, supra, that there is no inclusion in rule 252 of any right to vacate a judgment for mistake, inadvertence, or excusable neglect, that there is a difference between those terms and "unavoidable casualty or misfortune," and that mistake, inadvertence, or neglect of a party or his attorney will not satisfy this rule. However, the appellees and the court here believed there was more than neglect, mistake and inadvertence shown. Prudence and foresight, if they include the probability that the court would overlook defendants' request for an oral argument, possibly could have avoided the ruling, but a like request from appellees might well have been also overlooked on December 7, the motion day in that district.

In most jurisdictions with like statutes, good grounds for vacation of judgments "mean some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor, would have been done." Black's Law Dictionary, Fourth Ed., page 1693, supra. As we have pointed out, the only thing appellees' attorneys might have done before default day was file a like application for oral argument and get it set for a time certain. They were not local counsel and did not expect the request already made would not be pursued properly. We think the court was, under these circumstances, justified in finding

they were not so negligent as to prevent the vacation of the judgment unexpectedly rendered against them.

The same judge presided over all these proceedings, knew counsel for the various parties were all nonresidents of that county, and was well aware of the situation surrounding these applications, motions and rulings. The court, having heard the arguments on the merits of appellants' contentions and on the special appearance issue, must have concluded appellees' resistance to the special appearances of appellants had merit. In any event, it is clear that the court could decide it had overlooked the request for oral argument filed after the special appearance and would not have so ruled had it been aware of the application, that appellees were misled through no fault of their own in expecting appellants to arrange a time for that requested hearing. As previously pointed out, the court has a wide discretion in resolving this issue, and we will not disturb its order vacating a judgment if it has any support in the record. Thompson v. Miller, 251 Iowa 324, 329, 100 N.W.2d 410, and citations. This appears to be a matter that should be considered upon its merits and, observing the rule that courts are much more reluctant to find an abuse of discretion where the judgment has been set aside than where relief has been denied, we conclude the action of the trial court in vacating and setting aside its own order of December 7, 1965, must be sustained.—Affirmed.

GARFIELD, C. J., and SNELL, MOORE, MASON, RAWLINGS and BECKER, JJ., concur.

STUART, J., takes no part.

THORNTON, J., not sitting.