**Connie CASEY, Appellee,**

v.

**John F. CONNOLLY, M.D., Appellant.**

**No. 66694.**

Supreme Court of Iowa.

June 16, 1982.

John D. Sens and John M. French of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellant.

M. Gene Blackburn and Mark S. Brownlee of Murray, Blackburn & Stockdale, Fort Dodge, for appellee.

Considered by UHLENHOPP, P. J., and ALLBEE, McGIVERIN, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

In this interlocutory appeal only one issue is presented: does the sustentation of a special appearance, Iowa R.Civ.P. 66, terminate the proceedings, subject only to the right of appeal or proceeding to vacate, Iowa R.Civ.P. 252, 253?

The defendant, a physician presently residing in Nebraska, was sued in Iowa district court under section 617.3, The Code 1975, for damages allegedly arising out of his treatment of plaintiff while he was practicing in Iowa. Two consecutive special appearances were sustained. The plaintiff then served a third original notice. The district court held a third special appearance in abeyance until completion of the plaintiff's discovery, which was limited to evidence bearing upon jurisdiction. The defendant, contending the district court lacked subject-matter jurisdiction to make such an order after the prior special appearances were granted, sought and obtained permission for an interlocutory appeal, Iowa R.App.P. 2, 6.

While it is true we have held in several cases that sustentation of a special appearance terminates any further proceedings, except for the right of appeal, those cases were decided in a different context: Iowa Rule of Civil Procedure 48 then provided a case was commenced by filing of an original notice. Thus, under that rule, an order sustaining a special appearance effectively terminated the proceedings if service of notice was improper. *E.g., Saxton v. State,* 206 N.W.2d 85, 86 (Iowa 1973); *White v. Wilkes,* 173 N.W.2d 98, 99 (Iowa 1969); *Oldis v. John Deere Waterloo Tractor Works, Inc.,* 259 Iowa 1111, 1117, 147 N.W.2d 200,

203 (1966). Loss of the right to pursue the claim in those cases was not the direct result of the sustentation of a special appearance, but because a statute of limitations had intervened to prevent its recommencement.

Rule 48 has been amended so that an action is commenced by the filing of a petition, not by service of notice. Thus, statutes of limitations no longer pose the risk to a plaintiff who has unsuccessfully resisted a special appearance; the defendant may simply be re-served. *See Universal Cooperatives, Inc. v. Tasco*, 300 N.W.2d 139, 142 (Iowa 1981) ("a party may make more than one attempt at service."); *Patten v. City of Waterloo*, 260 N.W.2d 840, 842 (Iowa 1977).

The district court did not lose jurisdiction to enter the order for discovery.

AFFIRMED.