[Civ. No. 58101. Second Dist., Div. Four. May 28, 1980.]

MIB, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LASLO BERESH et al., Real Parties in Interest.

**COUNSEL**

Munger, Tolles & Rickershauser and Allen M. Katz for Petitioner.

No appearance for Respondent.

Laslo Beresh in pro. per., and Lee Grant for Real Parties in Interest.

**OPINION**

**FILES, P. J.**—The critical issue in this proceeding is whether a finding in a former action that a nonresident defendant is not subject to California process is res judicata in a subsequent action brought by the

same plaintiffs against the same defendant, which concededly has not changed its relationship to California since the former decision was made. ■ We have concluded that res judicata applies, and that the nonresident defendant is entitled to an order quashing service of process in the current action.

The petitioner here, MIB, Inc., formerly called Medical Information Bureau, is a Delaware nonprofit corporation engaged in the business of interchanging information with and for life insurance companies who are its members for the protection of the members against fraudulent applications for insurance. The complaint filed on August 25, 1978, by Laslo and Ibolya Beresh in the Los Angeles Superior Court, alleges that petitioner and certain of its members have disseminated inaccurate and false information concerning plaintiffs and have refused to make disclosures to plaintiffs in conformity with the federal Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)

Process was served upon MIB, Inc., by mailing to its office in Greenwich, Connecticut.

MIB, Inc., filed a motion pursuant to Code of Civil Procedure section 418.10 to quash the service of summons upon the ground of lack of jurisdiction, in that MIB, Inc., did not have sufficient contact with the State of California to be subject to suit here, and on the ground that determinations of the issue of jurisdiction in each of three prior actions were res judicata. In support of that motion MIB asked the court to take judicial notice of two actions which had been brought in the Los Angeles Superior Court (Nos. C 198233 and C 212268), where service had been quashed on August 25, 1977, and December 6, 1977, respectively, and a third action brought in the United States District Court for the Central District of California (No. CV 78-0662-RF), where service had been quashed on April 24, 1978.

We have before us the motions to quash and the orders quashing service of process in the three earlier actions. In each case the trial court determined that the plaintiff had failed to establish that the moving party defendant had sufficient contacts with the State of California to be subject to suit in the courts of this state.

In the fourth case, which is the subject of this mandate proceeding, the minute order of the trial court denying the motion to quash states:

"1. Judicial notice: Court takes judicial notice of Los Angeles Superior Court cases C198233 and C212268 and of US District Court (Central District of California) case CV78-0662-(RF).

"2. Res judicata and collateral estoppel: The in personum [*sic*] jurisdiction rulings in the judicially-noticed cases are not res judicata in this case nor is the doctrine of collateral estoppel applicable. This court finds personal jurisdiction on the basis that the acts of defendant-moving party done outside the state caused an effect within this state."

Plaintiffs do not contend that MIB has changed its activity in any significant respect since the three earlier cases were decided. Plaintiffs seek to justify this fourth attempt on the grounds that (1) they have made a stronger showing based upon newly discovered evidence; (2) they have pleaded new causes allegedly arising since the prior rulings; (3) additional defendants have been joined in the present action; and (4) MIB changed its form from an unincorporated association to a membership nonprofit corporation after the first three cases were decided.

The fact is that Medical Information Bureau, an unincorporated association, incorporated on May 25, 1978, under the laws of Delaware, as MIB, Inc., and continued to carry on the business which had been conducted by the association. The current complaint by the Bereshes was filed August 25, 1978. This complaint, like the complaints in the three prior actions, named as a defendant "Medical Information Bureau (MIB), a nonprofit unincorporated association." This complaint, like the earlier ones, is based upon an alleged course of conduct commencing in 1976. MIB, Inc., appearing specially for the purpose of moving to quash service of process, identified itself as the successor in interest of the unincorporated association. It is clear that the parties recognize, as do we, that, for the purpose of this jurisdictional issue, the corporation and the association are the same entity.[1]

The standard for determining personal jurisdiction over a foreign association is not significantly different from the standard applied to a

---

[1]The memorandum which plaintiffs filed in the superior court in opposition to the motion of MIB, Inc., states: "The lawsuit and all of its causes of action alleges acts and omissions done by the present MIB, Inc.'s predecessor, the MEDICAL INFORMATION BUREAU (MIB) and its members consisting of approximately 714 life insurance companies.

"All acts and omissions alleged in the complaint have taken place prior to the date of incorporation of MIB (May 25, 1978)."

foreign corporation. (See *International Aerial Tramway Corp. v. Konrad Doppelmayr & Sohn* (1969) 70 Cal.2d 400, 404 [74 Cal.Rptr. 908, 450 P.2d 284]; *Lewis Mfg. Co. v. Superior Court* (1956) 140 Cal. App.2d 245 [295 P.2d 145]; 1 Witkin Cal. Procedure (2d ed. 1970) Jurisdiction, § 113, p. 642.) It follows that the change in the form of organization has no materiality in this case.

The Restatement of Judgments, section 49 states: "Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided." Comment b states: "b. *Effect of judgment as to issues decided.* Although, where the judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, he is precluded from relitigating the very question which was litigated in the prior action."

We have found very little discussion in the case law bearing upon the logical application of this principle to an adjudication that the court has no jurisdiction over the person of the defendant.

The single case which we have found which applied this rule to the issue of jurisdiction over the person is *Archie v. Piaggo & Co.* (1968) 109 N.H. 162 [245 A.2d 76].

There the plaintiff had filed a tort action which was dismissed upon the ground that jurisdiction over the defendant corporation could not be had in New Hampshire. A second action between the same parties was dismissed, and the dismissal was upheld in the Supreme Court upon the ground that plaintiff was "directly estopped to relitigate matters actually litigated or admitted by the pleadings in a former suit."

Other cases in California and elsewhere support the principle that a finding with respect to jurisdictional facts will be treated as res judicata in subsequent actions, although the dismissal is not res judicata on the merits of the underlying cause of action.

In *Nichols v. Canoga Industries* (1978) 83 Cal.App.3d 956 [148 Cal.Rptr. 459] the appellate court held that the decision of a federal court that it lacked jurisdiction over the subject matter did not have res judicata effect on the underlying action for breach of contract. The *Ni-*

*chols* court explained (at p. 967): "A dismissal for lack of jurisdiction is not res judicata [citations], and does not by the operation of collateral estoppel bar relitigation of substantive issues raised (4 Witkin, Cal. Procedure, *supra*, Judgment, §§ 210, 211) except as to issues necessary for the determination of jurisdiction. (*Shore* v. *Shore* (1954) 43 Cal.2d 677 [277 P.2d 4].)"

*Shore* v. *Shore*, cited in *Nichols, supra*, discussed the effect of a prior annulment of marriage proceeding in which the decree had stated "That the Court, finding both parties at fault in the purported marriage, declines for lack of jurisdiction to make any award of property alleged to be community in character."

The Supreme Court pointed out (at p. 681) that "although a judgment refusing to determine an issue on the ground of lack of jurisdiction is not ordinarily res judicata [citations] when the decision on the jurisdictional question is based upon a determination of the merits of an issue before the court, it constitutes a binding determination of that issue."

In *County of Los Angeles* v. *Superior Court* (1933) 128 Cal.App. 522 [18 P.2d 112], the Juvenile Court for Los Angeles County had found that the minor was a resident of Alameda County and transferred the case there. The Alameda court then found the residence to be Los Angeles and ordered the case back. Los Angeles applied to the Court of Appeal for a writ of mandate to compel Alameda to keep the case. The appellate court said (at p. 526): "The writ must issue because the question of residence is '*res judicata*'—determined in a proceeding before the superior court sitting in Los Angeles County, a court having jurisdiction of both the subject matter and of the parties. The question of residence was one of those jurisdictional facts which the superior court was bound to determine from the evidence produced before it. That fact having been determined in a court of competent jurisdiction, the determination is not open to collateral attack." (Accord: *Lassen County* v. *Superior Court* (1958) 158 Cal.App.2d 74 [322 P.2d 49].)

In *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 82-83 [293 P.2d 18] the court pointed out that both the commission and the superior court had jurisdiction to determine whether the injuries were suffered in the course of an employment relationship; and that a determination of that jurisdictional fact in either tribunal would be res judicata in all subsequent proceedings, including court actions, between the same parties and those privy to them.

In *Leung Gim* v. *Brownell* (9th Cir. 1956) 238 F.2d 77, the court held that a dismissal of a complaint for lack of subject matter jurisdiction was res judicata barring a second action in the same court upon the same subject matter.

In *Ripperger* v. *A. C. Allyn & Co.* (2d Cir. 1940) 113 F.2d 332, the question presented was "whether the court erred in holding that orders of dismissal for lack of jurisdiction on the ground of improper venue entered in a prior suit on the same cause of action and in the same court require dismissal of the present suit as against the appellees on the principle of res judicata."

In affirming orders of dismissal of subsequent actions the court said: "The appellant concedes, as he necessarily must on the authorities, that a decision in favor of jurisdiction is res judicata and invulnerable to collateral attack, even though the ground on which the decision was rested has subsequently been overruled. [Citations.] But he advances the contention that a decision that jurisdiction is lacking leaves the parties as though no action had ever been brought and therefore presents no bar to a subsequent action even in the same court. We think the argument ingenious but unsound. A court has power to determine whether or not it has jurisdiction of the subject matter of a suit and of the parties thereto. As Mr. Justice Brandeis remarked in *American Surety Company* v. *Baldwin, supra*, [287 U.S. 156, 53 S.Ct. 101, 77 L.Ed. 231, 86 A.L.R. 298], 'The principles of res judicata apply to questions of jurisdiction as well as to other issues.' No reason is apparent why the rule should be less applicable to a decision denying jurisdiction than to one sustaining it."

See also: *McCarthy* v. *State* (1953) 1 Utah 2d 205 [265 P.2d 387, 44 A.L.R.2d 1031], holding that a dismissal of a prior action in a federal court for lack of subject matter jurisdiction was res judicata as to the facts upon which the dismissal had been based; *Healy* v. *Atchison, Topeka & Santa Fe Railroad Co.* (Mo. 1956) 287 S.W.2d 813, 815, holding that a dismissal upon the ground of "undue hardship" was res judicata on that issue; and *Stucker* v. *County of Muscatine* (1958) 249 Iowa 485 [87 N.W.2d 452], holding that a decision finding lack of subject matter jurisdiction barred a second action.

The consistency of the decisional law giving res judicata effect to findings of jurisdictional facts strongly supports the application of res judicata in the present case. Although the three prior dismissals are not res judicata on the merits of the underlying cause of action (*Slaker* v.

*McCormick-Saeltzer Co.* (1918) 179 Cal. 387, 389 [177 P. 155]), there appears to be no reason why the prior decisions should not be res judicata upon the issue which was there decided.

Plaintiffs cannot escape the bar of the prior decisions by asserting that those decisions were wrong, or that plaintiffs have other evidence which was not introduced in the earlier proceedings. "'[A]n erroneous judgment is as conclusive as a correct one.'" (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 975 [104 Cal.Rptr. 42, 500 P.2d 1386].)

Plaintiffs have liberally asserted that MIB has made "false statements" in each of the four cases for the purpose of avoiding the California courts. What plaintiffs refer to is the repeated declarations by the officers of MIB that MIB is not and has not been doing business in California. There is no showing of any false statement of any evidentiary fact by or on behalf of MIB. Plaintiffs point to their newly discovered information that since 1972 MIB had maintained a program of visiting member companies in California. There is no indication that MIB ever denied that such visits had occurred. The dispute over the legal issues cannot be treated as a form of concealment.

Since the controlling issue is the relationship between MIB, Inc., and the State of California, it is immaterial that the fourth action has joined some other defendants who were not named as parties in the earlier complaints. The causes of action alleged in the current complaint arise out of the same course of conduct as that complained of in the first three complaints. It is immaterial that the plaintiffs have embellished the present complaint to invoke legal theories not articulated in the earlier versions.

Let a writ of mandate issue requiring the respondent court to vacate its minute order of December 14, 1979, and make a new order quashing the service of process on petitioner.

Kingsley, J., and Woods, J., concurred.

A petition for a rehearing was denied June 20, 1980, and the petition of real parties in interest for a hearing by the Supreme Court was denied July 23, 1980. Mosk, J., was of the opinion that the petition should be granted.