Kenneth D. BASCOM and Kay Bascom, Appellants,

v.

JOS. SCHLITZ BREWING COMPANY, Appellee,

H & F Distributing Company, Incorporated, Defendant,

Stroh Brewery Company, Appellee.

No. 85–914.

Supreme Court of Iowa.

Nov. 12, 1986.

Thomas M. Wertz and Mary K. Hoefer of Tom Riley Law Firm, Cedar Rapids, for appellants.

John M. Bickel, Allan W. Vestal and David Vestal of Shuttleworth & Ingersoll, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

This appeal is before us because the district court sustained, for lack of personal jurisdiction, the special appearance of the defendants Jos. Schlitz Brewing Company (Schlitz) and Stroh Brewery Company (Stroh), two foreign corporations. *See* Iowa R.Civ.P. 66. The plaintiffs, Kenneth Bascom and Kay Bascom, have appealed from the district court's order sustaining the special appearance. The defendants cross-appealed because the district court failed to dismiss the plaintiffs' suit on the basis of issue preclusion. Because we affirm the order of the district court on the grounds asserted in the cross-appeal, we do not reach the grounds asserted in the appeal.

Schlitz is a Tennessee corporation located in Memphis, Tennessee, and Stroh is an Arizona corporation with its principal place of business in Detroit, Michigan. Both defendants are nationwide manufacturers of beer; however, neither is licensed to do business in Iowa.

H & F Distributing Company (H & F), a defendant in this case but not involved in this appeal, is an Iowa corporation located in Marshalltown, Iowa. H & F is not owned or operated by Schlitz or Stroh, but is a wholly independent corporation. H & F, however, does have a contract with Schlitz and Stroh for the purchase of their beer in Tennessee for distribution in Iowa. Incidental to the contract, H & F is given a credit for the return of empty kegs and bottles in Tennessee.

On May 27, 1983, H & F employees loaded and stacked, in Marshalltown, empty Schlitz and Stroh beer kegs and bottles in a semitrailer owned by Leonard Feed and Grain, Inc. (Leonard) of Cedar Rapids, Iowa. As an employee of Leonard, Kenneth Bascom drove the semi to Memphis, Tennessee where he was injured while unloading the empty beer kegs. An employee of either Schlitz or Stroh allegedly drove a forklift into the kegs knocking them on top of the plaintiff.

The plaintiffs' petition alleges that H & F was negligent in "failing to properly load and stack" the empty beer kegs and bottles in the semitrailer. As to Schlitz and Stroh, the petition alleges they "jointly and severally owed plaintiff a duty of care and a duty to provide a safe place to work."

The plaintiffs filed their first action against all the defendants on May 30, 1984 (*Bascom I*). Finding that Schlitz and Stroh lacked sufficient minimum contacts with Iowa, the district court sustained their special appearance. Plaintiffs did not appeal from the ruling but filed a second action against the same defendants on January 2, 1985 (*Bascom II*). The petition in *Bascom II* was substantially the same as

the petition in *Bascom I* except the former added two allegations: (1) the defendants "are nationwide manufacturers of beer, and have numerous contacts with the state of Iowa through the shipment of their products and the advertising of said products," and (2) the empty beer kegs that allegedly fell on the plaintiff Kenneth Bascom were loaded in the semitrailer in Marshalltown, Iowa.

Schlitz and Stroh again filed a special appearance, asserting two grounds: (1) the plaintiffs were precluded from relitigating the issue of personal jurisdiction because the district court had already decided that issue in the first action, and (2) the district court could not constitutionally exercise jurisdiction over them because they lacked sufficient minimum contacts with Iowa. They make no claim that the notices served upon them under Iowa Rules of Civil Procedure 56.1(*n*)[1] and 56.2[2] were inadequate. The district court declined to rule against the plaintiffs on the basis of issue preclusion, but did dismiss the action because the defendants lacked sufficient minimum contacts with Iowa. Thereafter, the plaintiffs appealed, and the defendants cross-appealed.

On appeal, the plaintiffs assert the district court erred in concluding the defendants lacked sufficient minimum contacts with Iowa so that service of notice on them was not consistent with due process. The plaintiffs challenge two findings made by the court in reaching this conclusion: (1) the plaintiffs' action did not arise out of the defendants' contacts with the state, and (2) the defendants' activities in Iowa were not "continuous and systematic" so as to support jurisdiction.

In their cross-appeal, the defendants assert the district court erred in failing to dismiss the plaintiffs' action on the basis of issue preclusion. They argue the plaintiffs are barred from relitigating the issue of personal jurisdiction on the basis of lack of minimum contacts because they litigated the same issue in *Bascom I,* they lost, and they did not appeal.

The district court declined to rule against the plaintiffs on the basis of issue preclusion because it found that the additional allegations relating to distribution and advertising in Iowa were enough to distinguish the two actions for purposes of issue preclusion. We disagree.

■■■■ According to the doctrine of issue preclusion, when parties in a prior action have litigated a particular issue of law or fact they are barred from litigating the same issue in a subsequent action.[3] *Kraft v. El View Construction,* 394 N.W.2d 365, 367 (Iowa 1986); Restatement (Second) of Judgments § 27 (1982). Four prerequisites must be met, however, before the doctrine may be applied:

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in the prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been

1. Iowa R.Civ.P. 56.1(*n*) provides:
   If service cannot be made by any of the methods provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

2. Iowa R.Civ.P. 56.2 provides in relevant part:
   Every corporation ... that shall have the necessary minimum contact with the state of Iowa shall be subject to the jurisdiction of the courts of this state, and the courts of this state shall hold such corporation ... amenable to suit in Iowa in every case not contrary to the provisions of the constitution of the United States.

Service may be made on any such corporation ... (a) as provided in rule 56.1 ... or (b) if such service cannot be so made, in any manner consistent with due process of law prescribed by order of the court in which the action is brought.

3. We use the terms "'claim preclusion' and 'issue preclusion' in place of the generic historical term, res judicata." *Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d 143, 146 (Iowa 1983). By claim preclusion we mean "further litigation on the claim is prohibited" and by issue preclusion we mean "further litigation on a specific issue is barred." *Id.*

necessary and essential to the resulting judgment.

*Kraft,* 339 N.W.2d at 368; Restatement (Second) of Judgments § 27 (1982).

It is well established that the doctrine applies to jurisdictional issues. *American Surety Co. v. Baldwin,* 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231, 238 (1932); *Rubaii v. Lakewood Pipe of Texas, Inc.,* 695 F.2d 541, 543 (11th Cir.1983); Restatement (Second) of Judgments § 10 (1982); *see also Kraft,* 339 N.W.2d at 367 (applying issue preclusion to uphold prior determination of personal jurisdiction). The effect of applying the doctrine to a determination of lack of jurisdiction is well summarized in 46 Am.Jur.2d *Judgments* section 500, at 656 (1969):

> A former adjudication is regarded as not being on the merits, within the scope of the doctrine of res judicata, where it was based upon the fact that the court lacked jurisdiction. Consequently, the general rule is that a judgment for the defendant based on lack of jurisdiction does not bar the plaintiff from bringing another action on the same cause in another court having jurisdiction. However, even though a judgment disposes of the action without a determination of the merits of the cause of action, it is nevertheless conclusive as to the issues or technical points actually decided therein, and this rule has been applied to a judgment based on want of jurisdiction, so as to render conclusive the prior court's determination of its lack of jurisdiction, as well as questions material to the issue of jurisdiction and actually decided by the judgment.

(Footnotes omitted.)

*See also Rubaii,* 695 F.2d at 543 (prior determination of want of personal jurisdiction because of lack of minimum contacts precluded relitigation of that issue); *Eaton v. Weaver Manufacturing Co.,* 582 F.2d 1250, 1255–56 (10th Cir.1978) (same); *Violet v. Picillo,* 613 F.Supp. 1563, 1574 (D.R.I.1985) (same); *MIB, Inc. v. Superior Court,* 106 Cal.App.3d 228, 234–35, 164

Cal.Rptr. 828, 832 (1980) (same); Annot., 49 A.L.R.2d 1036, 1040, 1052 (1956).

We recently considered issue preclusion in connection with service of process under Iowa Code section 617.3 (long-arm statute) and Iowa Rules of Civil Procedure 56.1(*n* ) and 56.2. *See Universal Cooperatives, Inc. v. Tasco, Inc.,* 300 N.W.2d 139, 142–44 (Iowa 1981). In that case, the defendant, Tasco, had attempted to serve a cross-petition on BPO, a foreign corporation, under section 617.3. The district court sustained BPO's special appearance because there was no showing under section 617.3 that it had entered into a contract that was to be performed in Iowa or that it had committed a tort here. The court made no decision on minimum contacts. Thereafter, Tasco attempted service under rules 56.1(*n* ) and 56.2. BPO again specially appeared, asserting issue preclusion because the district court had sustained its initial special appearance. We disagreed and said:

> While Tasco, in attempting service under rules 56.1(*n* ) and 56.2, was precluded from asserting that a contract was to be performed in Iowa or a tort was committed in Iowa, it was not precluded from showing that BPO had sufficient minimum contacts with Iowa. There had been no prior decision on this constitutional issue, and therefore no determination of the availability of service under rules 56.1(*n* ) and 56.2.

300 N.W.2d at 143–44. Thus, we applied issue preclusion to the statutory grounds of section 617.3. Presumably, we would have applied the doctrine to minimum contacts had the issue been raised and determined in the initial appearance.

In deciding whether the district court should have applied issue preclusion on the issue of personal jurisdiction over Schlitz and Stroh, we must examine the four prerequisites of the doctrine in light of the facts, and determine if each was met.

1. *Was the issue concluded identical?* In ruling on the defendants' special appearance in *Bascom I,* the district court wrote in part:

The special appearance of the two defendants is based on their claim that (1) the tort alleged to have been committed by them was not committed in whole or in part in Iowa, and (2) ... *there is no evidence that they have sufficient contacts with Iowa to be generally subject to the jurisdiction of the courts of Iowa*

. . . .

. . . .

*It is, therefore, required by the Court to determine whether the defendants have sufficient contacts with the state of Iowa generally to be suable here.* There is not sufficient information for the Court to decide that either of these defendants is suable in Iowa. . . .

. . . .

Plaintiff has failed to make a prima facie case of sufficient minimum contacts between the defendant corporations and the state of Iowa for me to conclude that this Court has jurisdiction over these defendants.

(Emphasis added.)

Later, in ruling on the defendants' special appearance in *Bascom II,* the district court wrote in part:

Defendants Schlitz and Stroh have specially appeared in this action, asserting that this Court (A) has already decided the question of whether personal jurisdiction over these defendants exists, so that plaintiffs are precluded from relitigating the issue of personal jurisdiction; and (B) may not constitutionally exercise jurisdiction over these defendants.

. . . .

The instant case ... arises out of the same circumstances [as *Bascom I*]. A comparison of the petition filed in each of these cases shows that the petition filed in *Bascom II* is substantially the same as that filed in *Bascom I.* The petition in *Bascom II* does however add the allegation that defendants Schlitz and Stroh "... are nationwide manufacturers of beer, and have numerous contacts with the state of Iowa through the shipment of their products and the advertising of said products." The petition in *Bascom*

*II* also contains the additional allegation that the empty beer kegs which are claimed to have fallen on plaintiff Kenneth Bascom were loaded onto a truck in Marshalltown, Iowa.

*The addition to the petition in Bascom II of allegations of nationwide distribution and advertising is clearly an attempt by plaintiffs to meet the problem perceived by this Court in Bascom I regarding the lack of "sufficient minimum contacts" of those defendants with Iowa to permit this Court to constitutionally exercise jurisdiction.*

. . . .

[However], the additional allegations in *Bascom II* relating to distribution and advertising in Iowa are enough to convince the Court that these two cases are not identical, so that plaintiffs are not precluded from seeking a redetermination on the issue of personal jurisdiction.

This *still leaves the question, however, of whether this Court may constitutionally exercise jurisdiction over defendants Schlitz and Stroh.* The Court concludes that it cannot.

(Emphasis added.)

A comparison of the quoted language from the two rulings makes it clear to us that the district court was dealing in *Bascom II* with an identical issue raised and decided in *Bascom I:* whether the defendants had sufficient minimum contacts with Iowa to allow the court to exercise personal jurisdiction over them consistent with due process. The district court concluded otherwise. It was convinced that the additional allegations in *Bascom II* relating to distribution and advertising in Iowa were enough to prevent satisfying the "identical-issue" prerequisite of the doctrine of issue preclusion. We disagree. The additional allegations did not change the ultimate fact issue of sufficient minimum contacts; they were simply evidentiary facts to be considered in determining the issue.

We see no good reason why the plaintiffs should be allowed to overcome the preclusive effect of the prior ruling by simply alleging additional facts in the second ac-

tion. *See MIB, Inc.,* 106 Cal.App.3d at 234–35, 164 Cal.Rptr. at 832 ("Plaintiffs cannot escape the bar of [res judicata on the issue of minimum contacts] ... by asserting that ... [they] have other evidence ... not introduced in the earlier proceedings.") Nothing appears in the record indicating that the plaintiffs were prevented from pursuing discovery in the first suit to establish these facts before the hearing on the special appearance. *See Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357, 361 (3rd Cir.1983) (issue preclusion did not prevent relitigation of jurisdictional issue because discovery sanctions in prior suit prevented opportunity to fully litigate issue); Restatement (Second) of Judgments § 28 (1982) (issue preclusion will not be applied where "party sought to be precluded ... did not have an adequate opportunity ... to obtain a full and fair adjudication in the initial action"). The record discloses that the plaintiffs did submit interrogatories in the first suit to H & F before the hearing on the special appearance while submitting none to Schlitz and Stroh. Moreover, the plaintiffs do not assert that Schlitz and Stroh did anything to mislead them.

More important, Schlitz and Stroh conceded in *Bascom I* that their beer products are sold in Iowa, a fact the plaintiffs were attempting to establish by the additional allegations in *Bascom II.* The plaintiffs argued the same fact in their brief in *Bascom I* to support their position that the defendants had sufficient minimum contacts with Iowa to support jurisdiction over them. Because of the concession, we conclude the district court was considering nothing new in *Bascom II* when faced with the allegations relating to distribution and advertising in Iowa. Thus, the district court erred in holding that these allegations were enough to distinguish the two actions for purposes of issue preclusion.

We conclude the first prerequisite of the doctrine of issue preclusion is satisfied.

2. *Was the issue raised and litigated in the prior action?* An issue is properly "raised" and "litigated"

[when it is raised by the pleadings or otherwise], and is submitted for determination, and is determined.... An issue may be submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment, a motion for directed verdict, or their equivalents, as well as on a judgment entered on a verdict. A determination may be based on the failure of pleading or of proof as well as on the sustaining of the burden of proof.

Restatement (Second) of Judgments § 27 comment *d* (1982). We conclude from the record that the minimum contacts issue was raised and litigated in *Bascom I.* The defendants raised the issue by special appearance. Thereafter, the district court held a hearing on the special appearance and determined that the plaintiffs had failed in their burden of proof on the issue.

3. *Was the issue material and relevant to the disposition of the prior action?* The district court sustained the defendants' special appearance in *Bascom I* because the plaintiffs "failed to make a prima facie case of sufficient minimum contacts between the defendant corporations and the state of Iowa." The effect of that ruling resulted in a dismissal of the action. *See Oldis v. John Deere Waterloo Tractor Works, Inc.,* 259 Iowa 1111, 1117, 147 N.W.2d 200, 203 (1966) (an order sustaining a special appearance terminates the action except for the right of appeal and timely petition under Iowa Rules of Civil Procedure 252 and 253). Clearly, the minimum contacts issue was material and relevant to the disposition of the prior action.

4. *Was the determination made of the issue in the prior action necessary and essential to the resulting judgment?* The "resulting judgment" in *Bascom I* was the district court's order sustaining the special appearance of the defendants. The sole basis for the order was the plaintiffs' failure to prove sufficient minimum contacts between the defendants and the state of Iowa. The minimum contacts issue was

therefore essential to the resulting judgment in the prior action.

■ We conclude the four prerequisites for the application of the doctrine of issue preclusion are met in this case on the minimum contacts issue. We affirm the district court's order sustaining the special appearance because it reached the right result though on a different ground. We express no opinion whether the district court was right in *Bascom II* in its conclusion that the defendants' activities in Iowa were not so "continuous and systematic" as to constitutionally support jurisdiction over them.

AFFIRMED.