Filed 9/27/13  Nunn v. Fenswick CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| WESLEY I. NUNN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MELISSA FENSWICK,<br><br>    Defendant and Respondent. | A137415<br><br>(Del Norte County<br>Super. Ct. No. CVUJ12-1104) |

This is at least the fourth lawsuit brought by plaintiff and appellant Wesley I. Nunn against defendant and respondent Melissa Fenswick (née Melissa LeBlanc).  The trial court granted defendant's demurrer to the first amended complaint, concluding the claims were barred by the doctrine of res judicata.  Plaintiff, representing himself, appeals from the judgment of dismissal, arguing the claims presented in this most recent case were never resolved on their merits.  We affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Plaintiff owned real property on Meridian Street in Crescent City, California.  He and Jennifer Fenswick (who is not a party to this appeal) were romantically involved and lived together for several years.  When the relationship ended in 2004, plaintiff agreed to deed the Meridian Street property to defendant, who is now Jennifer Fenswick's daughter-in-law, in exchange for a release of Jennifer Fenswick's claims against him.  A grant deed transferring the property to defendant was signed by plaintiff on May 24, 2004, and recorded on June 15, 2004.  A release of claims was signed by Jennifer Fenswick on June 15, 2004.

1

A.  *Jennifer Fenswick v. Wesley Nunn* (No. CVUJ05-1431)

Jennifer Fenswick filed a lawsuit against plaintiff on September 15, 2005, alleging she was entitled to recompense under an oral agreement to pool resources and share equally in the benefits of property acquired during their relationship.  (*Jennifer Fenswick v. Nunn* (No. CVUJ05-1431).)  Plaintiff filed a cross-complaint against Jennifer Fenswick alleging, among other things, she had fraudulently induced him to transfer the Meridian Street property to defendant by signing a release of her claims.  Following a bench trial, the court found in favor of plaintiff on the causes of action asserted by Jennifer Fenswick. It also ruled the release signed on June 15, 2004 was a valid release and settlement of all financial obligations of the parties up to that date, that neither party had fraudulently induced the other for any purpose, and that neither side had been unjustly enriched at the expense of the other.

B.  *Nunn v. LeBlanc* (No. CVUJ05-1527)

On November 10, 2005, while the *Jennifer Fenswick v. Nunn* litigation was still pending, plaintiff filed a separate lawsuit against defendant (under her former surname, LeBlanc) seeking damages for fraud and rescission of the agreement to transfer the Meridian Street property to her.  (*Nunn v. LeBlanc* (No. CVUJ05-1527).)  Following the judgment in *Jennifer Fenswick v. Nunn*, defendant filed a motion to dismiss, arguing plaintiff's claims against her were barred by principles of res judicata and collateral estoppel.  The trial court agreed and issued the following written ruling:  "[T]he court finds that the issues raised by the pleadings, as they are now framed, have been resolved by the findings necessarily made by the trial judge when reaching the decision in the [Jennifer] Fenswick v. Nunn case.  Once having found that [Jennifer] Fenswick had not committed fraud as to Nunn, no subsequent finding to the contrary can be made regarding LeBlanc, as there are no independent allegations against LeBlanc.  All allegations against her are premised on her association with [Jennifer] Fenswick, who has been held innocent of fraud towards Mr. Nunn."  A judgment dismissing the action was entered on August 31, 2009, and though Nunn filed a notice of appeal, that appeal was dismissed after he failed to designate the appellate record.

C. *Nunn v. Jennifer Fenswick et al.* (No. CVUJ09-1323)

On September 14, 2009, after the dismissal of *Nunn v. LeBlanc* (No CVUJ05-1527), Plaintiff filed another action naming Jennifer Fenswick and Does 1 through 5 as defendants. (No. CVUJ09-1323.) The original complaint alleged a cause of action for breach of written contract, based on Jennifer Fenswick's filing of a lawsuit against plaintiff after signing the June 15, 2004 release, as well as a common count seeking mesne profits resulting from that breach. On January 25, 2010, plaintiff filed a first amended complaint asserting the same causes of action against Jennifer Fenswick, defendant and Does 1 through 4.

After defendant successfully demurred to the first amended complaint, plaintiff filed a second amended complaint that included causes of action for declaratory relief, constructive trust, rescission, quiet title, mesne profits, malicious prosecution, and abuse of process. Defendant again filed a demurrer, which the trial court sustained without leave to amend. Its written order stated, "The gravaman of Plaintiff's complaint is that he entered into a contract which provided that he would not be sued, in exchange for consideration in the form of a parcel of real estate. Subsequently, he was sued, and he therefore seeks return of the consideration. [¶] No matter how he seeks to characterize his claim, his cause of action is based upon an alleged breach of contract. The Statute of Limitations has clearly run, and further amendment would be useless."[1] The court denied plaintiff's motion for reconsideration under section 1008, subdivision (a), in which he argued the limitations period had been equitably tolled during the pendency of his second lawsuit, *Nunn v. LeBlanc* (No. CVUJ05-1527). Judgment was entered in favor of

---

[1] The operative breach of contract occurred on September 15, 2005, when Jennifer Fenswick filed her lawsuit against plaintiff. Plaintiff filed the first amended complaint naming defendant on January 25, 2010, more than four years after the breach. Because plaintiff had previously sued defendant and was not ignorant of her identity or the facts that allegedly rendered her liable, he could not rely on his attempted substitution of her as a Doe defendant to "relate back" to the date of the original complaint. (*Woo v. Superior Court (Zarabi)* (1999) 75 Cal.App.4th 169, 177.)

3

defendant, and this court affirmed that judgment on appeal. (*Nunn v. LeBlanc*, nonpub. opn. filed Feb. 6, 2012 (A132141)).

D. *Federal Litigation*

Plaintiff filed a lawsuit in federal district court in March 2011 against defendant and others, apparently based on a theory of constructive trust. That action was dismissed with prejudice by the court on March 28, 2012.

E. *Current Lawsuit*

On March 21, 2012, plaintiff filed the instant action against defendant.[2] In a first amended complaint filed the following day, March 22, 2012, he set forth causes of action for declaratory relief, quiet title, and damages for mesne profits, seeking return of the Meridian property. The first amended complaint cites *Village Northridge Homeowners Assn. v. State Farm Fire & Casualty Co.* (2010) 50 Cal.4th 913 for the proposition that Jennifer Fenswick rescinded the settlement agreement and release of claims against plaintiff and was required to return the Meridian Street property to plaintiff before she filed her 2005 lawsuit seeking damages.

Defendant filed a demurrer arguing the claims were barred by the statute of limitations and res judicata, as they were based on facts already litigated and decided on the merits in the previous lawsuits. The trial court issued a written order sustaining the demurrer without leave to amend: "Plaintiff cannot state a cause of action for those reasons set forth in Defendant's moving papers, including that *res judicata* applies to his claims. Further, this court finds there is no reasonable probability that amendment will cure the defect." A judgment of dismissal was entered from which plaintiff appeals.

STANDARD OF REVIEW

In reviewing an order sustaining a demurrer, we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We assume the

---

[2] The appellant's appendix does not contain a copy of the original complaint, but the filing date stated in the opening brief is not disputed by respondent and does not affect our analysis in any way.

4

truth of the properly pleaded factual allegations, facts that can reasonably be inferred from those expressly pleaded, and facts of which judicial notice can be taken. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Villari v. Mozilo* (2012) 208 Cal.App.4th 1470, 1477.) The court's denial of leave to amend is reviewed for abuse of discretion, the question being whether there is any reasonable probability the defect can be cured by amendment. (*V.C. v. Los Angeles Unified School Dist.* (2006) 139 Cal.App.4th 499, 506.)

## DISCUSSION

Plaintiff contends the demurrer should not have been sustained on the ground of res judicata because the causes of action in the first amended complaint were never actually litigated and decided. We disagree.

Although couched in somewhat different terms, the first amended complaint in this most recent lawsuit seeks the same relief as plaintiff's previous action against defendant, *Nunn v. Jennifer Fenswick* (No. CVUJ09-1323), on essentially the same theory—that plaintiff is entitled to return of the Meridian property based on Jennifer Fenswick's filing of a lawsuit in 2005 after she purported to release her claims against plaintiff. The trial judge in *Nunn v. Jennifer Fenswick* concluded this was a claim arising from Fenwick's breach of written contract, to which a four-year statute of limitations applied, meaning plaintiff's claim against defendant more than four years later was time barred. (Code Civ. Proc., § 337, subd. (a).) This court affirmed the judgment on appeal.

The doctrine of res judicata precludes parties from relitigating a cause of action that has been finally determined by a court acting with proper jurisdiction. (*Perez v. Roe 1* (2006) 146 Cal.App.4th 171, 183, fn. 7 (*Roe 1*).) The resolution of the statute of limitations issue in *Nunn v. Jennifer Fenswick* was based on the same facts as those now alleged, and that former judgment is res judicata with respect to that issue. (*Roe 1* at p. 186.) Plaintiff disagrees, arguing that a judgment based on "technical or formal" defects raised by demurrer is not on the merits for purposes of res judicata. (See *Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52 (*Goddard*).) While the judgment in *Nunn v. Jennifer Fenswick* may not be res judicata as to the underlying

5

merits of plaintiff's claim for return of the Meridian Street property (an issue the trial court found unnecessary to address), it does have preclusive effect as to the issue that was decided: the statute of limitations. (*Roe 1*, at p. 186; see also *MIB, Inc. v. Superior Court* (1980) 106 Cal.App.3d 228, 234-235.) "A judgment given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit. . . ." (*Goddard*, at p. 52.)

Apart from the res judicata effect of the judgment in *Nunn v. Jennifer Fenswick*, the facts alleged in the first amended complaint show the claims asserted are time barred. To state the obvious, more time has passed since the alleged breach of contract in 2006, and the current suit, filed in 2012, falls even farther outside the four-year limitations period. Plaintiff states repeatedly in his opening brief that he has never been provided with a forum in which to adjudicate the theory of rescission based on a failure of consideration (i.e., Jennifer Fenswick's failure to forego a lawsuit against him), but this theory is the same breach of written contract found to be barred by the statute of limitations in *Nunn v. Jennifer Fenswick*.

We next consider whether the trial court abused its discretion in denying plaintiff leave to amend the first amended complaint. We find no such abuse, because plaintiff has not carried his burden to "spell out" the specific proposed amendments that would render his claims timely. (*People ex rel. Brown v. Powerex Corp.* (2007) 153 Cal.App.4th 93, 112.) In connection with a motion for reconsideration under Code of Civil Procedure section 1008, plaintiff submitted a proposed second amended complaint containing three causes of action: (1) declaratory relief based on the judgment in *Jennifer Fenswick v. Nunn* (No. CVUJ05-1431); (2) declaratory relief based on Jennifer Fenswick's purported "rescission" of their original settlement agreement, which, plaintiff alleges, required her to return the Meridian property; and (3) declaratory relief to interpret the ruling in *Nunn v. LeBlanc* (No. CVUJ05-1527) so as not to have preclusive effect regarding plaintiff's right to enforce Jennifer Fenswick's "party effected rescission." Each is predicated on the same theory as the time barred claim for breach of written

6

contract—that plaintiff is entitled to the return of the Meridian Street property because it was the consideration for his settlement agreement with Jennifer Fenswick and she rescinded that agreement when she brought her lawsuit against him.

## DISPOSITION

The judgment is affirmed. Because defendant did not appear in this appeal, the parties shall bear their own costs.

_____

NEEDHAM, J.

We concur.

_____

JONES, P. J.

_____

SIMONS, J.

7