14-3454-cv
*United Torah Educ. & Scholarship Fund, Inc. v. Solomon Capital LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fifteen.

PRESENT:   JON O. NEWMAN,
                    JOSÉ A. CABRANES,
                                *Circuit Judges,*
                    STEFAN R. UNDERHILL,
                                *District Judge.*[*]

---

UNITED TORAH EDUCATION & SCHOLARSHIP FUND, INC.,

        *Plaintiff-Appellant,*               14-3454-cv

        v.

SOLOMON CAPITAL LLC, SOLOMON CAPITAL 401(K) TRUST, SOLOMON CAPITAL LIVING TRUST, SOLOMON CAPITAL ADVISORS, INC., SOLOMON PARTNERS, INC., ADVANTAGE PREMIUM FUNDING LLC, SOLOMON SHARBAT,

        *Defendants-Appellees,*

JOHN DOES 1-100, XYZ CORPS. 1-100,
        *Defendants.*

---

[*] The Honorable Stefan R. Underhill, United States District Court for the District of Connecticut, sitting by designation.

FOR PLAINTIFF-APPELLANT:

SIMON SCHWARZ, The Schwarz Firm PLLC, New York, New York.

FOR DEFENDANTS-APPELLEES:

JASON LOWE, Sarfaty & Associates, P.C., Wesley Hills, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant United Torah Education and Scholarship Fund, Inc. ("United Torah") appeals a judgment of the District Court granting a motion to dismiss its complaint for lack of subject matter jurisdiction. United Torah had brought various state-law claims against Defendants-Appellees Solomon Sharbat ("Sharbat"), Solomon Capital LLC, Solomon Capital 401(k) Trust, Solomon Capital Living Trust, Solomon Capital Advisors Inc., Solomon Partners Inc., and Advantage Premium Funding LLC (jointly, the "Sharbat Parties"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## 1. Background

Federal courts lack diversity jurisdiction over suits in which a United States citizen domiciled abroad is a party. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). The Sharbat Parties argued below that the District Court lacked jurisdiction over the instant case, which was premised on diversity jurisdiction, because Sharbat is a United States citizen domiciled in Israel. United Torah admitted that Sharbat is a United States citizen *residing* in Israel but argued that he is not *domiciled* there. The District Court concluded that the question of Sharbat's domicile had already been decided in the Central District of California and was thus subject to the species of *res judicata* known as issue preclusion. *See* J.A. 132-33 ("CDC Order"). The District Court accordingly granted the Sharbat Parties' motion to dismiss based on lack of subject matter jurisdiction.

United Torah argues on appeal that the District Court erred in granting preclusive effect to the CDC Order, because (1) the CDC Order was not on the merits; (2) the issue of Sharbat's domicile was not actually litigated, and United Torah lacked a "full and fair opportunity" to litigate the issue; and (3) United Torah lacked the incentive to litigate the issue vigorously. United Torah further argues (4) that the District Court violated its due process rights in considering *res judicata* even though the Sharbat Parties first raised that argument after the conclusion of initial briefing on their pending motion to dismiss.

## 2. Issue Preclusion Under California Law

Issue preclusion, or collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012) (internal quotation marks omitted). We review *de novo* a district court's application of this doctrine. *See Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013).

The preclusive effect of a dismissal by a federal court sitting in diversity depends on federal common law, which incorporates "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). This case, therefore, hinges on California's law of issue preclusion.

California courts apply issue preclusion only if five "threshold requirements are fulfilled": (1) the issues must be "identical"; (2) the "issue must have been actually litigated in the former proceeding"; (3) the issue "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." *Hernandez v. City of Pomona*, 207 P.3d 506, 513 (Cal. 2009).

The first, third, and fifth requirements are plainly satisfied, but United Torah contests the remaining two. In addition, United Torah argues that California courts would decline to apply issue preclusion in this case based on principles of policy and fairness.

## 3. "Final and on the Merits"

The District Court did not consider whether the CDC Order was "final and on the merits," finding that element "plainly satisfied" because "United Torah has presented no evidence calling into question" the Order's finality. J.A.12-13. Although the District Court erred in attributing the burden to the party *resisting* preclusion, *see Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990), we agree with its ultimate conclusion. Under California law, a dismissal for lack of jurisdiction has no preclusive effect "as to the merits of any underlying substantive question," but such dismissal *"does bar* re-litigation of issues necessary for the determination of jurisdiction." *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 766 (9th Cir. 2007) (internal quotation marks omitted).

That conclusion does not change because the CDC Order dismissed the case without prejudice. Dismissal without prejudice "ordinarily (though not always)" prohibits a decision from carrying preclusive effect. *Semtek*, 531 U.S. at 505. But California courts make an exception for dismissals based on lack of subject matter jurisdiction, which preclude the parties from relitigating any "finding with respect to jurisdictional facts"—such as domicile. *See Gupta*, 487 F.3d at 766-67 & n.11; *MIB, Inc. v. Superior Court*, 164 Cal. Rptr. 828, 831 (Ct. App. 1980).

3

### 4. "Actually Litigated"

United Torah argues that the CDC Order lacks preclusive effect because the question of Sharbat's domicile was not actually litigated, since United Torah had an opportunity to file a brief in the Central District of California opposing dismissal but never actually did so.

The California Supreme Court has expressly rejected this argument. *See Lucido*, 795 P.2d at 1225 n.2 ("[T]he important question . . . is whether the People had the *opportunity* to present their entire case . . . not whether they availed themselves of the opportunity."); *People v. Sims*, 651 P.2d 321, 329 (Cal. 1982). California accords issue-preclusive effect even to default judgments. *Sims*, 651 P.2d at 329. The doctrine applies *a fortiori* to the CDC Order, which was issued not based on United Torah's default but "on the merits of the diversity jurisdiction issue." J.A. 139.

### 5. Fairness and Judicial Policy

Finally, United Torah argues that California courts would decline to give preclusive effect to the CDC Order because doing so would be unfair and inconsistent with sound judicial policy. United Torah rightly observes that California courts do not apply issue preclusion mechnically, looking instead to the "public policies underlying collateral estoppel— preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." *See Lucido*, 795 P.2d at 1227. In determining the fairness of preclusion, California courts also "consider the judicial nature of the prior forum, i.e., its legal formality, the scope of its jurisdiction, and its procedural safeguards." *Vandenberg v. Superior Court*, 982 P.2d 229, 237 (Cal. 1999).

These factors cut for, not against, applying preclusion in the present case. The "prior forum" was a federal district court. United Torah's arguments against the fairness of the prior proceeding either duplicate its unsuccessful claim that the issue of domicile was not actually litigated or rest on the contention that United Torah lacked sufficient incentive to appeal the earlier dismissal. But, as United Torah admits, it intended its California litigation to complement the instant case, and thus had reason to consider the preclusive consequences of the CDC Order. It is not "unfair," under California law, to make United Torah bear the consequence of failing to do so.

### 6. Due Process

Finally, United Torah argues that the District Court's application of issue preclusion violated its due process rights, because the District Court based its ruling on "three unauthorized letters" sent by the Sharbat Parties after they had already briefed their motion to dismiss. United Torah Br. 39-40.

Neither the Federal Rules nor due process concerns prevent the District Court from considering either *res judicata* or subject matter jurisdiction *sua sponte*, much less on the motion of a

party. *See Mastafa v. Chevron Corp.*, 770 F.3d 170, 187 (2d Cir. 2014); *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007). United Torah not only had an opportunity to respond to the Sharbat Parties' *res judicata* argument but actually did so. *See* J.A. 134-36. We conclude, therefore, that the District Court's application of issue preclusion did not violate United Torah's due process rights.

## CONCLUSION

We have reviewed United Torah's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5