**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WESLEY I. NUNN,

                Plaintiff - Appellant,

v.

MELISSA A. LE BLANC, AKA Melissa
Fenswick,

                Defendant - Appellee.

No. 14-15770

D.C. No. 4:14-cv-00905-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted December 9, 2015[**]

Before:    WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

     Wesley I. Nunn appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims for the rescission of a contract and

return of real property. We have jurisdiction under 28 U.S.C. § 1291. We review

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Nunn's action was proper because it involves the same causes of action as the prior state and federal court cases where Nunn was a party, and because the issue of whether his state law rescission claim was barred by the statute of limitations was litigated and decided in prior state court actions. *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (explaining that California's issue preclusion doctrine "precludes relitigation of issues argued and decided in prior proceedings" and setting forth six criteria to determine whether an issue is precluded (citation and internal quotation marks omitted)); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (explaining that California's doctrine of claim preclusion is based on a primary rights theory and defining "primary right"); *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002) (explaining federal claim preclusion doctrine); *MIB, Inc. v. Superior Court*, 164 Cal. Rptr. 828, 832 (Ct. App. 1980) (explaining that prior dismissals on procedural grounds have preclusive effect as to the procedural issue decided).

14-15770

The district court did not abuse its discretion in denying Nunn's motion to proceed in forma pauperis ("IFP") because Nunn did not demonstrate that he was unable to pay the court's filing fee due to poverty or indigency. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (setting forth standard of review and explaining that an affidavit is sufficient under 28 U.S.C. § 1915(a) if it states that "the affiant cannot pay the court costs and still afford the necessities of life").

Because we affirm on the basis of California's preclusion doctrines, we do not address Nunn's other arguments regarding the dismissal of his federal and state law claims.

**AFFIRMED.**