**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESLEY I. NUNN, | No. 15-17488 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01820-NJV |
| v. | |
| MELISSA A. LEBLANC, AKA Melissa Fenswick, AKA Melissa Leblanc-Fenswick, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding[**]

Submitted December 14, 2016[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636.

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Wesley I. Nunn appeals from the district court's judgment dismissing his diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), but we may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Nunn's action was proper because the action is barred by claim and issue preclusion. *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (explaining that California's issue preclusion doctrine "precludes relitigation of issues argued and decided in prior proceedings" and setting forth six criteria to determine whether an issue is precluded (citation omitted)); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (California's doctrine of claim preclusion is based on a primary rights theory); *MIB, Inc. v. Superior Court*, 164 Cal. Rptr. 828, 832 (Ct. App. 1980) (prior dismissals on procedural grounds have preclusive effect as to the procedural issue decided).

We reject as meritless Nunn's contention that a comment allegedly made by a state trial court judge at an oral hearing, and not included in any subsequent

written order, precludes the application of claim preclusion to this action.

**AFFIRMED.**